## THE PEOPLE *v.* JERSEY.

WHERE, under an indictment charging larceny in the usual form, as, that defendant did "unlawfully and feloniously steal, take and lead away" a horse, the proof was, that defendant hired a horse promising to return it by evening, but never did so : *Held*, that defendant could not be convicted without proving that he intended to steal the horse at the time he took it ; and that the indictment is not good for the statutory offense of converting property of which defendant was bailee.

APPEAL from the Court of Sessions of Solano.

Indictment for larceny, charging that the defendant did "unlawfully and feloniously steal, take and lead away, one light bay gelding horse," etc.   On the trial, the prosecution proved, among other things that defendant came to the livery stable of one Owen, at Suisun City, and hired a horse and saddle to go to Vacaville, promising to be back by nine o'clock in the evening of the same day, and that he never did return.   The Court charged the jury if they believed from the evidence that defendant took and carried away and converted the horse and saddle to his own use, with intent to steal the same, they should find him guilty as charged ; and refused to charge, as requested by defendant, that "to find defendant guilty, the jury must be convinced that the defendant did steal the horse and saddle named in the indictment, and there must have been a felonious taking and carrying away thereof." The District Attorney read to the jury and relied upon, the seventy-first section of the act concerning Crimes and Punishments, (Wood's Dig. 339) relative to a bailee of goods.

Verdict, guilty.   Judgment accordingly.   Defendant appeals.

*Wheaton & Dougherty* for Appellant.

*Thomas H. Williams, Attorney General,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Judgment reversed.   The indictment is only good as an indictment for ordinary larceny, but not good as an indictment for the statutory offense of converting property of which the defendant was bailee.   The offense of larceny, apart from the crime constituted by statute from the conversion of a bailed article, is not complete, unless the original taking be felonious.   In other words, in this case, the prisoner, at the time of hiring the horse, must have intended to steal it, the felonious intent at the time of the taking being of the essence of the crime.   The Court erred in refusing to instruct the jury in accordance with this view.

Judgment reversed and cause remanded.