## THE PEOPLE *v.* SMITH.

WHERE the bailee of property obtains possession of it from the owner, with the intent of stealing it, and carries out that intent, he is guilty of larceny, and should be indicted for that crime.

If, however, the intent to steal did not exist at the time of taking possession of the property by the bailee, but was conceived afterwards, the indictment should be laid under the seventy-first section of the Act concerning Crimes and Punishments.

APPEAL from the Court of Sessions, of the County of Sacramento.

The facts are stated in the opinion of the Court.

*Rodgers* and *McConnell*, for Appellant.

*F. M. Pixley*, Attorney-General, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

The defendant was indicted and convicted of the crime of grand larceny, in stealing a horse. The evidence showed that the defendant hired the horse of the keepers of a livery stable, and in that way obtained the possession. The defendant insists that the Court below erred in admitting evidence of these facts, under the indictment, claiming that it showed that the defendant had committed an offense indictable under the seventy-first section of the act relating to crimes and punishments. This objection is not well taken. If the defendant, at the time he hired the horse, intended to steal it, he was properly indicted for grand larceny; and the evidence was therefore admissible, without averring the alleged bailment in the indictment. (*People* v. *Jersey*, 18 Cal. 337.) If, however, the intent to steal did not exist at the time of taking the possession of the property by the bailee, but was conceived afterwards, then the indictment should have been laid under Sec. 71, and should have averred the facts necessary to show that the defendant was the bailee of the property. (*People* v. *Poggi*, 19 Cal. 600.)

The defendant asked the Court to instruct the jury as follows: " If the jury find that the defendant hired the horse of the persons

named in the indictment as the owners thereof, and converted the same, of which he was bailee, to his own use, with intent to steal the same, he cannot be convicted under the indictment as charged, and must be acquitted." He also asked for another instruction substantially to the same effect, both of which the Court refused; and this is assigned as error. The instructions, as asked by the defendant, were correctly refused. As has been already shown, the defendant could properly be convicted under the indictment, if the intent to steal existed at the time he obtained possession of the horse; and this point is entirely ignored in the instructions asked for.

The Court, after fully and correctly charging the jury that the "intent to steal" and the "felonious intent" must have existed at the time he acquired possession of the property, in reiterating it used the word "fraudulent" instead of the word "felonious," in several places; and this is assigned for error. Although the word "fraudulent" was thus improperly used instead of "felonious," yet it is evident that the jury were not misled thereby, and the defendant suffered no injury in consequence of it. The Court had repeatedly used the word "felonious," and terms of equivalent import, in the charge, in explaining this very point; and taking the whole charge together, as given by the Court, the jury could not have misunderstood the meaning of the Court. The evidence is sufficient to show that the defendant acquired possession of the property with the felonious intent of stealing the same.

The judgment is affirmed.