## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* ALEXANDER DUMAR, APPELLANT.

*Criminal pleadings — what must be alleged in an indictment in order to justify a conviction of grand larceny, for obtaining goods under false pretenses, under section 528 of the Penal Code.*

The defendant was convicted of the crime of grand larceny upon an indictment which charged that the defendant on February 3, 1885, at the city of Rochester, in the county of Monroe, a quantity of carpets, rugs and hassocks, particularly describing them, of the value of $671, of the goods, chattels and personal property of Ilus F. Carter, then and there being found, unlawfully and feloniously did steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

Upon the trial the district attorney was allowed to introduce evidence tending to show that the defendant purchased the goods of Carter, giving therefor his promissory notes indorsed by one Hensler, Carter being induced to sell the goods by an affidavit made by Hensler showing that he then owned two farms worth $5,000, subject to a mortgage on one of $900, and that the total of his other liabilities did not exceed $65; that this affidavit was false,

and was known by the defendant to be so at the time that he presented the same to Carter in order to induce him to sell the goods upon credit.

*Held,* that an objection made by the defendant's counsel, to the admission of the evidence tending to show false representations, was properly overruled by the court, and that a motion to discharge the defendant upon the ground of variance between the proof and the indictment was properly denied.

That the charge that the defendant, the said goods, " unlawfully and feloniously did steal, take and carry away contrary to the form of the statute in such case made and provided," was a sufficient description of the act to satisfy the provision of section 528 of the Penal Code, which requires, to constitute the crime of larceny, an intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker or any other person.

That as the indictment charged that the defendant did "steal," take and carry away the goods, and as the statute (§ 528) defined the act of obtaining goods by false pretenses as stealing them, the indictment was sufficient as it charged the act and was not required to describe the means by which the act was accomplished.

The cases on this subject, collated and followed by HAIGHT, J.

APPEAL from a judgment of the Court of Sessions of Monroe county, convicting the defendant of the crime of grand larceny in the second degree and adjudging that he be imprisoned in the State prison at Auburn for the term of three years.

*P. Chamberlain, Jr.,* for the appellant.

*J. W. Taylor,* district attorney, for the respondent.

HAIGHT, J.:

The indictment charges that the defendant, on the third day of February, in the year of our Lord one thousand eight hundred and eighty-five, at the city of Rochester, in the county of Monroe, a quantity of carpets, rugs and hassocks, particularly describing them, of the value of $671, of the goods, chattels and personal property of Ilus F. Carter, then and there being found, unlawfully and feloniously, did steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

Upon the trial the district attorney gave evidence tending to show that the defendant purchased of Carter the goods in question, giving therefor his promissory notes, indorsed by one Louis Hensler; that to induce Carter to sell him the goods he produced

an affidavit from Hensler, showing that he was the owner of a farm consisting of thirty-three acres, situated in the town of Little Valley, in the county of Cattaraugus, free and clear from all incumbrances and liens, of the value of $3,000, and of another farm of twenty-eight acres, situated in the town of Barre, Orleans county, of the value of $2,500, upon which there was a purchase-money mortgage of $900, and that the total of his liabilities did not exceed the sum of $65 over and above the $900 mortgage; that this affidavit was false, and was known by the defendant to be false at the time that he presented the same to Carter to induce him to sell the goods upon credit. The defendant objected to the evidence tending to show false representations as to Hensler's responsibility, and at the conclusion of the people's evidence asked to have the defendant discharged upon the ground of variance between the proof and the indictment. This was denied and exception taken. The question thus presented is not free from difficulty. The indictment, as we have seen, is in the form approved and usually adopted for the crime of larceny under the Revised Statutes.

Under the Penal Code the crime of larceny has been enlarged so as to embrace the crimes formerly known as false pretense and embezzlement, and is defined as follows: " A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker or of any other person, either, I. Takes from the possession of the true owner or of any other person; or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing; or secretes, withholds or appropriates to his own use, or that of any person other than the true owner, any money, personal property, thing in action, evidence of debt or contract, or article of value of any kind; or, II Having in his possession, custody or control, as a bailee, servant, attorney, agent, clerk, trustee or officer of any person, association or corporation, or as a public officer, or as a person authorized by agreement or by competent authority, to hold or take such possession, custody or control, any money, property, evidence of debt or contract, or article of value of any nature, or thing in action or possession, appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the

benefit thereof; steals such property, and is guilty of larceny." (Penal Code, § 528.)

Section 275 of the Code of Criminal Procedure provides that the indictment must contain a plain and concise statement of the act constituting the crime, without unnecessary repetition.

It will be observed that under section 528 of the Penal Code there must be an intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker or any other person. The indictment charges the taking to be unlawfully and feloniously, contrary to the form of the statute in such case made and provided, etc. The word "feloniously" means criminal intent, which, used in connection with the words "unlawfully, contrary to the form of the statute in such case made and provided," is a sufficient description of the act to satisfy this provision of the section. Subdivision 1 of the section embraces the taking of money, personal property, etc., from the possession of the true owner, or of any other person, or obtaining from such possession by color or aid of fraudulent or false representations or pretense; in other words, it covers larceny under the Revised Statutes, and the obtaining of money or property by false pretense. Where it is by fraudulent or false representations or pretense, the person charged must take or obtain the money, personal property, etc., from the possession of the true owner, or of any other person, by color or aid of fraudulent or false representations or pretense. He must either take or obtain the possession, and where it is so taken or obtained it is defined by the statute to be stealing. Whilst the indictment does not charge the fraudulent or false representations, it does charge that the defendant did steal, take and carry away, etc. In other words, it charges the act, but does not describe the means by which the act was accomplished.

A similar question has been considered by the courts in reference to indictments charging the crime of murder. Under the statute murder may be committed in three ways: First, by a deliberate or premeditated design to effect the death of the person killed; or, second, by an act imminently dangerous to others, and evincing a depraved mind, regardless of human life, although without a premeditated design to effect the death of any individual; or, third,

when perpetrated by a person engaged in the commission of a felony.

In the case of *Fitzgerald* v. *The People* (37 N. Y., 413–426), WOODRUFF, J., after referring to the cases, says: "The result of these cases most clearly is, that the crime of murder is sufficiently charged when alleged, as in the present indictment, 'with malice aforethought.' But in order to prove the crime, the proofs must establish a case within the requirement of the statute in one of its three subdivisions. And the party indicted is entitled to proper instructions to the jury as to what facts must be found to sustain the indictment."

In the case of *Cox* v. *The People* (80 N. Y., 500), the indictment contained the common-law count, charging a felonious killing, with malice aforethought, with other averments necessary in a common-law indictment for murder. It was claimed that there could be no conviction of murder in the first degree under the act making a killing murder, when perpetrated by a person engaged in the commission of a felony. ANDREWS, J., in delivering the opinion of the court, says: "It has been settled by a series of adjudications, commencing with the case of *People* v. *Enoch* (13 Wend., 159), that a specification in the statute of the cases which shall be deemed murder in the first degree, and the introduction of new definitions or divisions does not necessarily require a change in the form of indictment, and that a conviction under a common-law indictment of murder in the first degree may be had in any case where the offense proved is brought within either of the statutory definitions."

In the case of *The People, etc.*, v. *Conroy* (97 N. Y., 62), the second count of the indictment was in the common-law form, charging that the defendant committed the crime feloniously, willfully and with malice aforethought. RUGER, Ch. J., in delivering the opinion of the court, says: "This count seems to contain all of the allegations necessary to describe the crime of murder in the first degree as defined in the Penal Code. * * * It has never been required, under the strictest and most technical rules of pleading, that the particular intent with which a homicide was committed should be set forth in the indictment; but it has been uniformly deemed sufficient to allege it to have been done feloniously, with

malice aforethought, contrary to the form of the statute. The question as to whether the crime was committed, under such circumstances with reference to intent, as makes it murder in the first degree within the statutory definition, has been held, under several changes of the statute defining that crime, to be one of evidence determinable by the jury under the instructions of the court." (Citing, with approval, the remarks of WOODRUFF, J., in the case of *Fitzgerald* v. *The People, supra.*)

In the case of the *People* v. *Phelps* (72 N. Y., 350) it was held a sufficient averment of the crime of larceny in the precise words of the statute.

In the case of the *People* v. *Willett* (4 Eastern R., 897; 102 N. Y., 253), the Court of Appeals held that the ordinary common-law count in an indictment for murder is, notwithstanding the numerous statutory enactments, sufficient to sustain a conviction where the murder was perpetrated while the prisoner was engaged in the commission of a felony. FINCH, J., in delivering the opinion of the court, in speaking upon the subject of an indictment for larceny, says: "That section (528 of the Penal Code) defines, with considerable detail, what acts shall constitute larceny and what intent shall characterize the crime, and in the end provides that he who with such intent does any of such acts, steals such property, and is guilty of larceny. The word "steal" is thus defined by the statute itself as covering all the prescribed details, and its use in the indictment which charges the taking to have been felonious or with a criminal intent, sufficiently includes the particular intent needed to constitute a larceny."

In Virginia the statute makes the obtaining of money or other property, by any false pretense, larceny. In that State the courts hold that an indictment for the offense may be either in the form of indictment for larceny at common law or by charging the specific facts which the act declares shall be deemed larceny. (*Leftwich* v. *The Commonwealth*, 20 Gratt., 716 ; *Dowdy* v. *The Commonwealth*, 9 id., 727–734.) These authorities appear to sustain the respondents' position, and incline us to hold that the indictment is sufficient, and that there was no variance between the proof and the charge.

The case of *The People* v. *Moore* (37 Hun, 84), has no application, for no such question was involved in the appeal or considered

by the court. We are aware that in California a different rule has been established. (*The People* v. *Jersey*, 18 Cal., 337; *The People* v. *Poggi*, 19 id., 600; *The People* v. *Miller*, 12 id., 291.) But under the authorities of our own State we think these cases cannot be followed.

Again, it is contended by the appellant that there was no written representations made as to the ability of the defendant Dumar to pay for the goods purchased by him, as required by section 544 of the Penal Code. The false representations and pretense complained of did not relate to Dumar's ability to pay, but did relate to Hensler's ability to pay. His representations were in writing, and in the form of an affidavit, subscribed by himself. The false representations and pretense of the defendant Dumar consisted in the presenting of this affidavit to Carter, knowing it to be false, and in statements made to Carter in reference to Hensler's ability to pay. His false representations did not relate to the ability of himself to pay, and consequently was not within the provisions of section 544 of the Code. Numerous exceptions were taken upon the trial to the admission and rejection of evidence, to the charge and the refusal to charge, but none which we consider it necessary to here discuss.

The judgment and conviction should be affirmed.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment and conviction affirmed, and proceedings remitted to the Court of Sessions of Monroe county to proceed thereon.