## PEOPLE *v.* COHEN.

All conversions of money or property by a bailee, are not "*ipso facto* unlawful, or felonious, under our statute. The word 'bailee,' under our statute, must be construed in a limited sense, as designating 'bailees' to *keep, transport* and *deliver*."

Indictments under the statute against "*bailees*" should distinctly set forth the character of the bailment, the mode of conversion, the description of the property, and its value.

An indictment which charges the defendant with converting moneys, goods, and chattels, of the value of four hundred thousand dollars, without any particular specification of the different articles, is bad.

APPEAL from the Court of Sessions of San Francisco County.

The defendant, A. A. Cohen, demurred to the following indictment against him, which being overruled, the defendant appealed from the order overruling the demurrer.

"The grand jurors within and for the body of the county of San Francisco, and State of California, now here in the Court of Sessions within and for the the said county, duly empanneled and sworn at the February Term of said Court, began and holden at the city of San Francisco, county and State aforesaid, on the first Monday of February, A. D. one thousand eight hundred and fifty-six, on their oath, present:

"That Alfred A. Cohen, of the city, county and State aforesaid, on the first day of July, A. D. one thousand eight hundred and

fifty-five, at the said city and county, being then and there the bailee of the sum of four hundred thousand dollars, the moneys, goods, and chattels, of Adams & Co., being composed of the following persons, to wit: Alvin Adams, Isaiah C. Woods, and Daniel H. Haskell, did then and there, feloniously and willfully, convert the said four hundred thousand dollars to his own use, with intent then and there to steal the same, contrary to the form, force, and effect, of the statute, in such cases made and provided, and against the peace and dignity of the people of the State of California."

*J. A. McDougall* for Appellant.

*W. T. Wallace, Attorney-General,* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

Indictment for grand larceny, as bailee, demurrer to the indictment overruled, from which defendant appeals.

The indictment charges that "A. A. Cohen, being bailee of four hundred thousand dollars, the moneys, goods, and chattels, of Adams & Co., did feloniously and willfully convert the same to his own use, with the intent to steal the same."

The offence is created by special statute, and it is insisted that it is not properly charged in the indictment. Bailment is defined by Judge Story "to be the delivery of a thing in trust for some special object or purpose, upon a contract, express or implied, to conform to the object or purpose of the trust."

The objects of bailments may be as various as the transactions of men; they are made for the purpose of sale, hire, safe-keeping, etc. In some cases, in fact in a large majority of transactions, they are made for the purpose of a disposition or conversion of the property. As, for example, bailments by commission merchants or factors, in which a conversion is the very object of the trust. If in such cases, after a sale or conversion of the property, the agent or factor should lose or misapply the proceeds, it is apprehended that an indictment would not lie against him, under the statute concerning bailees, although he might probably be indicted for embezzlement, if the Legislature thought proper to make that a penal offence.

It may then be safely assumed that all conversions of money, or property, by a bailee, are not *ipso facto* unlawful or felonious under our statute. A proper understanding of the word "bailment," justifies us in the conclusion that the Legislature intended to use the word in a limited sense, as designating bailees to keep, to transfer, or to deliver. If such is the case, then the character of the bailment, and the mode of conversion should be distinctly set forth in the indictment. The cases generally

arise upon contracts, and the circumstances constituting the offence, can be ascertained with far more certainty than those attending ordinary crimes and misdemeanors.

There is another objection to the indictment, which is fatal. It does not state what was the property converted; the language is, "four hundred thousand dollars, moneys, goods and chattels." How can the defendant know what he is charged with? or how prepare for his defence? how much money, what goods, and what chattels? These facts must, to a certain extent, be within the knowledge of the prosecution. Besides this, the allegation that they were of the value of, or the amount of four hundred thousand dollars, is insufficient to give the Court jurisdiction. The Court cannot know that by four hundred thousand dollars, was meant so much lawful money of the United States. For aught we may know, it is the currency of some other State, or nation, and not sufficient in amount to charge the defendant, under our statute, with grand or petit larceny.

For these reasons, the judgment is reversed.