## THE PEOPLE *v.* GUISEPPI POGGI.

A BAILEE who converts the property of which he is bailee to his own use, with intent to steal the same, may be indicted under the seventy-first section of the Act of 1850, concerning Crimes and Punishments. · (Wood's Dig. art. 1931.)

An indictment under this section must state, with directness and certainty, the facts and circumstances necessary to constitute a complete offense, and among them, the circumstances constituting the bailment.

Such indictment may state the fact of conversion, with intent to steal, in the language of the statute, without specifying any particulars as to the mode of conversion.

*People* v. *Cohen*, (8 Cal. 42) so far as it holds that the term "bailee," in the seventy-first section of the Act of 1850, concerning Crimes and Punishments, is used in the limited sense of a bailee "to keep, to transfer or to deliver," overruled.

*People* v. *Green* (15 Cal. 512) overrules *People* v. *Cohen*, (8 Cal. 42) so far as the latter holds that an indictment under this statute, stating that the property was of the value of so many dollars, without saying "of the coin of the United States," is sufficient.

APPEAL from the Court of Sessions of San Francisco.

The facts are stated in the opinion of the Court. Defendant appeals.

*B. T. Pate*, for Appellant.

*F. M. Pixley, Attorney General*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The defendant was indicted for the crime of grand larceny in converting to his own use, with intent to steal, certain gold dust of which he was alleged to be bailee. A demurrer to the indictment being overruled, and a judgment of conviction being had, the defendant has appealed.

The indictment states that the defendant " was the bailee of one hundred and thirty ounces of gold dust," which he converted to his own use with intent to steal the same ; " the said gold dust being then and there the property, goods and chattels of one Francisco Gallardo." There are no other averments showing the character or circumstances of the bailment, or that the defendant was in fact a

bailee of the gold dust.  It was decided in the case of *The People* v. *Cohen* (8 Cal. 42) that an indictment like this was insufficient, and the case of *The People* v. *Peterson* (9 Cal. 313) was decided in the same way upon the authority of the former case.   The remarks of the Judge upon this point in the case of *The People* v. *Cohen*, are rather applicable to another statute regarding certain officers who are charged with the custody of public moneys, (Wood's Dig. art. 1927) than to the statute under which the indictment in that case was found (Wood's Dig. art. 1931) ; and there does not appear to be any authority for the conclusion that the Legislature intended to use the word " bailee," in the statute last referred to, in a limited sense, as designating bailees " to keep, to transfer, or to deliver." Any bailee who converts the property of which he is the bailee to his own use, with intent to steal the same, may undoubtedly be indicted for larceny under that statute.  The decision that the indictment was insufficient was, however, correct, for the reason that it did not set forth the necessary facts to show that the defendant was a bailee of the property.   The facts and circumstances which are necessary to constitute a complete offense must be stated with directness and certainty.   Proof of the circumstances constituting the bailment must be made at the trial, and the essential facts to be proved should be stated in the indictment.   So are the precedents of indictments under statutes substantially the same.   (3 Chitty Cr. Law, 967 ; *Com.* v. *Merrifield*, 4 Met. 468.)   By the same precedents it appears that it is sufficient to state the fact of the conversion with intent to steal in the language of the statute, without specifying any particulars of the mode of conversion. The statement that the property was of the value of so many dollars, without saying of the " coin of the United States," was decided to be sufficient in the case of *The People* v. *Green*, (15 Cal. 512) by which the decision in that respect, in the case of *The People* v. *Cohen*, was overruled.

For the defect in not stating the facts showing the bailment, the demurrer should have been sustained.

Judgment reversed and cause remanded.