[No. 20232. In Bank. — December 7, 1886.]

## THE PEOPLE, RESPONDENT, *v.* R. H. JOHNSON, APPELLANT.

CRIMINAL LAW — EMBEZZLEMENT — CONVICTION — PRONOUNCING JUDGMENT — INFORMING DEFENDANT OF NATURE OF CHARGE — IMMATERIAL ERROR — ARREST OF JUDGMENT. — The defendant was charged by information with the crime of embezzlement, and the verdict was guilty as charged. The defendant moved in arrest of judgment on the ground that the information charged no crime. The motion was overruled, whereupon the court proceeded to inform the defendant of the information charging him with the crime of grand larceny, of his arraignment and plea of not guilty thereto, and of his trial and the verdict of guilty. The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replied in the negative. The court thereupon adjudged him guilty of grand larceny, and ordered him to be imprisoned for that offense. A judgment declaring that the defendant had been convicted of grand larceny was thereupon entered. *Held,* that the motion made by the defendant in arrest of judgment warranted the presumption that he knew of the nature of the crime of which he was charged, and that the erroneous statement by the court of the crime charged in the information was without prejudice.

ID. — JUDGMENT MUST CONFORM TO VERDICT. — *Held further,* that the judgment, not being for the crime of which the defendant was convicted, should be reversed, with directions to the lower court to render a judgment for embezzlement.

ID. — EMBEZZLEMENT BY BAILEE — SUFFICIENCY OF INFORMATION. — An information against a bailee for embezzlement, under section 507 of the Penal Code, is not subject to a general demurrer on the ground that the defendant is not named therein as a bailee, if the terms of the contract between him and the person alleged to have been injured are specifically set forth, and the contract clearly shows that the defendant was thereby constituted a bailee, and received the property embezzled in that capacity.

ID. — SUBSEQUENT ARREST FOR SAME OFFENSE — COMMITTING MAGISTRATE — VALIDITY OF INFORMATION — JURISDICTION. — The defendant was arrested on a warrant issued by a justice of the peace of a certain township, on a complaint filed before him. Thereafter, and while this proceeding was pending, he was again arrested on a warrant issued by a justice of the peace of another township, and was by him committed. On this commitment, the information was filed under which he was convicted. *Held,* that the proceeding before the first magistrate did not affect the validity of the information, nor deprive the Superior Court of jurisdiction.

ID. — MOTION IN ARREST OF JUDGMENT — WHEN LIES. — A motion in arrest of judgment must be founded upon defects in the indictment or information, appearing on the face thereof.

APPEAL from a judgment of the Superior Court of Yolo County.

The defendant was arrested on a warrant issued on a complaint filed on the 18th of January, 1886, before one A. C. Ruggles, a justice of the peace of Cache Creek township, Yolo County, and while in custody of the sheriff under this warrant, was again arrested on a warrant issued on a complaint filed on the 27th of March, 1886, before one H. C. Duncan, a justice of the peace of another township in the same county. On the last-named day the defendant was committed by Duncan, and on this commitment the information under which the defendant was tried and convicted was filed. On the 11th of June, 1886, the sheriff, on the warrant issued by Ruggles, took the defendant before him, and he was thereupon discharged. The further facts are stated in the opinion of the court.

*Thomas & Hurst,* for Appellant.

The information was insufficient, in not alleging that the defendant was a bailee. (2 Bishop's Criminal Procedure, secs. 315, 333; 2 Bishop's Criminal Law, secs. 374, 375; *People* v. *Cohen,* 8 Cal. 42; *People* v. *Peterson,* 9 Cal. 313; *People* v. *Poggi,* 19 Cal. 600; *People* v. *Smith,* 23 Cal. 280; *People* v. *Doss,* 39 Cal. 438; *People* v. *Tomlinson,* 66 Cal. 344; *Ex parte Hedley,* 31 Cal. 108; *People* v. *Garcia,* 25 Cal. 531; *People* v. *Jersey,* 18 Cal. 337; *People* v. *Allen,* 5 Denio, 76; *People* v. *Stein,* 1 Park. Cr. 207; *McCann* v. *United States,* 2 Wy. T. 267; *Alden* v. *State,* 18 Fla. 187; *State* v. *Mims,* 26 Minn. 191; 1 Wharton's Criminal Law, sec. 1043.) The Superior Court had no jurisdiction of the information. (Pen. Code, secs. 824–826; *Ex parte Branigan,* 19 Cal. 133; *Ex parte Walsh,* 39 Cal. 705.) The judgment, not being for the crime of which the defendant was convicted, is void. (*Ex parte Ring,* 28 Cal. 248; *Ex parte Brown,* 32 Cal. 49; *Ex parte Dobson,*

31 Cal. 498; *Ex parte Gibson,* 31 Cal. 620; *Ex parte Hartman,* 44 Cal. 32.)

· *Attorney-General Marshall,* and *F. S. Sprague,* for Respondent.       ·

The fact that while a complaint was pending against the defendant before one magistrate he was taken before another in the same county, and by the latter was committed, does not affect the validity of the information. (Pen. Code, secs. 821–826; *Ex parte Hùng Sin,* 54 Cal. 102.)

McKINSTRY, J.—The information charges, if it charges any offense, embezzlement, and the verdict was guilty as charged.       •

At the time appointed for pronouncing judgment, the following proceedings (as appears from the minutes) took place:—

"The district attorney, with the defendant and his counsel, Thomas & Hurst, came into court. The defendant was duly informed by the court of the information duly presented and filed on the 10th of April, 1886, by the district attorney of the county of Yolo, charging said defendant with the crime of grand larceny, of his arraignment and plea of 'not guilty as charged in said information,' of his trial, and the verdict of the jury on the twenty-eighth day of July, 1886, 'guilty.'

"The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him; to which defendant replied he had not.

"And no sufficient cause being shown or appearing to the court, thereupon the court renders its judgment that, whereas the said R. H. Johnson, having been duly convicted in this court of the crime of grand larceny, it is therefore ordered, adjudged, and decreed that the said R. H. Johnson be punished by imprisonment in the state prison of the state of California, at Folsom, for the term of twelve months.

" The defendant was then remanded to the custody of the sheriff of the said Yolo County, to be by him delivered into the custody of the proper officers of said state prison at Folsom."

The transcript contains no bill of exceptions setting forth of what the defendant was informed when he was called up for judgment, or that defendant excepted to the statement by the court that the information charged him with the crime of " grand larceny." Conceding, without deciding, that the statement made by the court to defendant as to the contents of the information was properly entered as a portion of " the minutes of the trial," which, by section 1207 of the Penal Code, constitute a part of the " record " of the action, and that we should therefore take notice of any error in such statement, the defendant was not injured by the misnomer of the offense charged in the information.

The bill of exceptions shows that the defendant moved in arrest of judgment, basing his motion on the alleged insufficiency of the information, and on irregularities in the acts of officers which preceded the information. If it could be presumed that the defendant, to whom the information had been read, and who had been supplied with a copy of it (Pen. Code, sec. 988), and who had been tried upon it, had forgotten the crime charged in it when he was called for sentence, the fact that he then and there moved in arrest, because the information charged no crime, would seem to be sufficient to overcome such presumption, and to establish that he was fully informed of its content. This court must give judgment without regard to errors which do not affect the substantial rights of the parties. (Pen. Code, sec. 1258.)

But section 1207 of the Penal Code provides: " When judgment upon a conviction is rendered, the clerk must enter the same in the minutes, stating briefly the offense for which the conviction was had," etc. There can be no doubt that this statement of the offense is part of the

judgment. The clerk has no power to enter, and it is at least error in the court to direct a judgment declaring that a defendant has been convicted of one offense when in fact he has been convicted of another and distinct offense. The entry of a judgment declaring that a defendant has been convicted of an offense of which he has not been convicted is more than a mere "technical" error. A judgment is a solemn record, which is ordinarily conclusive evidence of the facts recited in it, and we ought not to permit such evidence to stand when, on direct appeal, it appears that the matters recited in it are not true.

Inasmuch as no proper judgment has been entered in the court below, the judgment in form must be set aside, and a proper judgment rendered and entered. The court below should appoint a time for pronouncing judgment, on reasonable notice to defendant and his counsel, and the defendant should be present, that the law may be complied with. Nevertheless, as the defendant has already had his day in court during the proceedings preliminary to the rendition of judgment, with an opportunity to show legal cause why judgment should not be pronounced against him, the court is simply to render judgment as required by law upon a conviction for embezzlement, which judgment the clerk is to enter as rendered. In other words, the proceedings are to be taken up at the point when they ceased to be sufficiently regular, and are to be regularly completed.

The appellant claims that his motion in arrest should have been granted. If he be correct in this, we will not direct a judgment to be rendered and entered simply that on another appeal it shall be reversed. The question as to the alleged error in denying the motion in arrest has been fully argued, and we proceed to consider and pass upon it. If no judgment ought to have been rendered or entered in the cause, the defendant should

be discharged, and the proceedings based on the information be dismissed.

By the information the defendant is charged with the crime of embezzlement, " committed as follows: The said R. H. Johnson, on the twenty-fourth day of May, A. D. 1884, in the county of Yolo, in the state of California, was intrusted with one sorrel horse, of the value of one hundred dollars, by Joel Woods, said horse being then and there the property of said Joel Woods; that by the terms of said trust said R. H. Johnson was to use said horse for his own benefit for a part of one day, and return said horse to said Joel Woods on the twenty-fourth day of May, 1884; that said Johnson did not return said horse to said Joel Woods according to the terms of his said trust, but did then and there, on the said twenty-fourth day of May, 1884, in said Yolo County, willfully, unlawfully, feloniously, and fraudulently convert said horse to his own use, and embezzle the same, contrary to his said trust, and contrary to the form, force, and effect of the statute," etc.

Section 507 of the Penal Code reads: "Every person intrusted with any property, as bailee, tenant, or lodger, . . . . who fraudulently converts the same or the proceeds thereof to his own use, . . . . is guilty of embezzlement."

The defendant moved in arrest of judgment, and now here claims that the facts set forth in the information do not constitute a public offense. (Pen. Code, secs. 1004, 1012, 1185.)

It is insisted that the information is fatally defective in that it does not charge in express terms that the defendant was a " bailee."

The decisions of the courts of the several states as to the sufficiency of the charging parts of indictments depend very largely on the various statutes.

Under the section of the Penal Code of California, we think it does not render the information subject to gen-

eral demurrer that the defendant is not named therein as "bailee," or "tenant," or "lodger,"—as the case may be,—if the terms of the contract between the defendant and the person alleged to have been specially injured are specifically set forth, and the contract clearly shows that the defendant was thereby constituted a bailee and received the property in that capacity.

Of cases cited by counsel for defendant and appellant, *People* v. *Cohen*, 8 Cal. 42, was one in which the charge was that defendant, "being bailee of four hundred thousand dollars, the moneys, goods, and chattels of Adams & Co., did feloniously and willfully convert the same to his own use, with the intent to steal the same." The Supreme Court held that all conversions of property by bailees were not *ipso facto* felonies, but that the word "bailee," under the statute there considered, should be construed in a limited sense as designating bailees "to keep, transport, and deliver." The objection to the indictment was that the facts showing the nature of the bailment, and that it was of the class of bailments contemplated by the statute, were not alleged. In the information now before us, the facts are stated to show the character of the contract of bailment under which the property was received by the defendant.

In *People* v. *Peterson*, 9 Cal. 313, the defendant was charged, "being then and there the bailee" of certain money and gold-dust, "the money, goods, and chattels of John A. Clary," to have feloniously converted, etc. The indictment was held insufficient, because it did not state the "character" of the bailment. To the same effect is *People* v. *Poggi*, 19 Cal. 600. *People* v. *Smith*, 23 Cal. 280, points out the distinction, well established, between larceny and embezzlement, in cases where a bailee has obtained possession of property from the owner with the latter's consent.

In *Ex parte Hedley*, 31 Cal. 109, the petitioner for *habeas corpus* had been held to answer on a charge of embezzle-

ment. He was remanded by the court. He was held
under a statute which related to embezzlement by " any
clerk, apprentice, servant, or agent." It was not disputed
that the petitioner was the " agent " of Wells, Fargo,
& Co., and there was no question as to averments in an
indictment, for no indictment had been found. *People*
v. *Tomlinson*, 66 Cal. 341, would seem to hold that the
facts showing the character of the agency, where one
is indicted under section 508 of the Penal Cole, and is
alleged to have been the agent, need not be alleged.

The cases cited from other states do not support the
contention of appellant. Under a New York statute re-
lating to " clerks and servants," it was charged in the
indictment that the defendant received money " as the
agent," and facts were not alleged showing that the de-
fendant was either a clerk or servant. It was said by
the Supreme Court of New York: " The term 'agent' is
*nomen generalissimum*, and although it includes clerks
and servants, it is by no means restricted to such per-
sons." (*People* v. *Allen*, 5 Denio, 79.)

*People* v. *Tryon*, 4 Mich. 667, was decided upon a
Michigan statute relating to embezzlements by attorneys
of property of their clients. *State* v. *Newton*, 26 Ohio
St. 265, holds that a county auditor is not an officer
charged with the custody of money within the meaning
of a statute of Ohio. In *Guddy* v. *State*, the court held
that, to charge a bailee with embezzlement, the indict-
ment must by direct averment charge that the embezzled
property came into his possession or was under his care
by virtue of his agency or of the bailment. (8 Tex. App.
127.) It was held that, under a statute of Minnesota,
which defined embezzlements of goods intrusted to a de-
fendant for delivery to be carried for hire, an indictment
was insufficient which failed to aver those facts.

None of the cases cited seem to sustain the proposi-
tion that where the facts showing that a party charged
is a " bailee " are fully stated, and all the other facts

necessary to constitute the offense are averred, an indictment is fatally defective, because he is not in terms alleged to be a "bailee." On principle, we can see no reason why it should be so held. If it be necessary to allege facts showing the character of the agency, it becomes a question of law rather than of fact, whether upon the averments the defendant was or was not a bailee. If not necessary to state the facts showing the character of the agency, yet it is not a matter of which the defendant can complain, if such facts are stated, and he thus be given fuller notice of the charge than would be given by simply designating him as "bailee."

Another ground in arrest of judgment was that "the court had no jurisdiction of the person of the defendant or of the offense charged." In support of this ground, the defendant introduced certain evidence.

We discover no reason why the proceedings before the magistrates should affect the validity of the information or deprive the Superior Court of jurisdiction. Moreover, a motion in arrest of judgment must be founded upon defects in the indictment or information appearing on the face thereof. (Pen. Code, secs. 1185, 1004.)

The judgment is reversed and set aside, with direction to the court below to render and enter an appropriate judgment.

McKee, J., Morrison, C. J., Myrick, J., Sharpstein, J., and Thornton, J., concurred.