[Filed December 16, 1890.]

## STATE OF OREGON v. CHEW MUCK YOU.

LARCENY BY BAILEE—INDICTMENT.—It is not necessary that when the defendant is charged with being a bailee, that the facts and circumstances of the bailment should be set out. When one is charged with being a bailee, the allegation covers all necessary facts.

BAILMENT—DELIVERY IN SPECIE.—A bailment takes place when any article of personal property is put into the hands of one for a special purpose and is to be returned by the bailee to the bailor or delivered to some third person when the object of the trust is accomplished.

CONVERSION—ADMISSIONS CORROBORATIVE TESTIMONY.—Where gold dust was intrusted to the possession of another to deliver to a third party in Portland when the object of the trust would be accomplished, and upon demand of such bailee for the property he promised to deliver it, but failing to do so, upon the third demand he denied having received it and refused to account, *held* (1) that this was a conversion and that the court had jurisdiction, and (2) that his admissions were only corroborative.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals. Affirmed.

*T. A. Stevens*, district attorney, and *W. T. Hume*, for Respondent.

*McGinn & Simon*, and *H. Pilkington*, for Appellant.

LORD, J.—The defendant was indicted, tried and convicted of the crime of larceny by bailee, and sentenced to imprisonment in the penitentiary for the term of one year. To reverse the judgment rendered herein, is the purpose of the present appeal. It is first objected that the demurrer to the indictment should have been sustained, for the reason that it does not set out the nature and terms of the bailment. In support of this position, *People* v. *Poggi*, 19 Cal. 600; *People* v. *Peterson*, 9 Cal. 313, and *People* v. *Cohen*, 8 Cal. 42, are cited. These cases hold that it is not enough to

charge the defendant with being bailee, but that the facts and circumstances of the bailment must be set out. Tested by the principle established in these cases, the indictment is not sufficient, but the practice has been in this state to follow the statute in this part of the allegation, upon the principle that when one is charged with being bailee, the allegation covers all necessary facts. Referring to the cases cited, Mr. Bishop expresses the opinion that it is not necessary to aver the character or circumstances of the bailment, and suggests the following reasons: "*First*, although the fact of the bailment is material, it is in a certain sense incidental; the offense consisting in the person who sustains the relation of bailee to the property doing the forbidden thing. The *gravamen* of the charge is, that this person did convert the same to his own use. It is not denied, and it cannot be, that it is sufficient to follow the statute in this part of the allegation; therefore, *a fortiori*, it should be sufficient in the other part; *secondly*, the relation of bailee is well known in the law; just as well known, though not quite so common, as the relation of owner. It is not necessary to be alleged how a man became owner of personal property, or to state the facts and circumstances of the ownership. When one is charged with being owner, the allegation covers all necessary facts; in like manner, it should be held that when one is charged with being bailee, the allegation covers all necessary facts." (Bishop on Stat. Crimes, § 423; Bishop's Directions and Forms, § 610.) As the indictment is admitted to be within the principle thus announced, which is thought to be in accordance with the practice in this state, the indictment is sufficient and the demurrer was properly overruled.

The next error relied upon is the refusal of the court to direct the jury to return a verdict for the defendant upon the ground that there was an entire failure of proof to show that any crime had ever been committed in Multnomah county or in the state of Oregon. To properly dispose of this objection, it is necessary to examine and state the sub-

stance of the facts proved. The bill of exceptions discloses that one Li Moy, who kept a Chinese restaurant at Pierce City, Idaho, desiring to send twenty-seven ounces of gold dust to one Li Fook, a resident of Portland, Oregon, delivered such gold dust to the defendant with instructions to convey the same to Portland and deliver it to Li Fook; that the defendant received the gold dust into his possession for that purpose and came to Portland, but failed to deliver the gold dust; that Li Moy wrote to Li Fook regarding the gold dust, and learning from Li Fook that he had never received the gold dust, came to Portland to see about the matter; that immediately on receiving the information contained in the letter from Li Moy, Li Fook sought out Chew Muck You and demanded the gold dust. It is enough to say that when the first demand was made on the defendant for the gold dust he promised to turn it over, but failed to do so; that he was again sought and made a like promise and failure; that he was again sought and the gold dust demanded of him, and that he then stated for the first time that he had not received any gold dust; that the defendant has never turned over the gold dust nor accounted for it, and the same has been wholly lost to the complaining witness. Upon this evidence, the counsel for the defendant makes two points: *First*, that in the absence of a statute conferring jurisdiction, there can be no prosecution in this state for larceny by bailee where the property intrusted to him was delivered in another state to be brought into this state, and where the bailee, after bringing the property into this state, converts it to his own use; and, *second*, that if such jurisdiction be conceded, there is a total failure of proof of the commission of any crime in the venue laid, and that the jury ought to have been directed to return a verdict of not guilty. The first objection is based on the idea that the proof must establish a complete commission of the offense in the county where the offense was laid, otherwise there is no jurisdiction to try it. The argument in effect is, that, as the evidence discloses that the gold dust was intrusted to the

possession of the defendant in Idaho to be transported by him into this state, such facts show that the bailment originated there, although the acts of converson may have taken place here; but as the facts both of bailment and conversion are necessary to constitute a complete offense, unless the facts in respect to each originated and occurred within Multnomah county, where the venue is laid, they do not show a complete commission of the offense in that county, and consequently, upon the facts as presented by this record, the court was without jurisdiction in the premises. The vice of this argument lies in supposing, because the contract of bailment originated in Idaho, it could have no binding force or effect in Oregon. It proceeds upon the hypothesis that as the fact of bailment is essential to be proved, and as such fact in the present case originated without the state, it showed that the proof did not establish a complete offense in the county where the offense is laid, and therefore no crime being proved, the court was without jurisdiction to inflict a judgment of punishment. A bailment is ordinarily defined to be a contract by which goods are delivered by one person to another for a certain purpose, upon an express or implied promise by the bailee to return them to the bailor, or to deliver them to some one designated by him, after the purpose has been fulfilled. But a bailment is not always accompanied by a contract express or implied, and in the absence of it the law imposes duties which the bailee cannot neglect without liability. The duty of the bailee to make restitution of bailed goods is one which the law imposes, and does not depend upon the existence of any contract. (2 Am. & Eng. Ency. "Bailment," 56.) Within the meaning of the criminal statutes as to what constitutes a bailee, there does not appear to be any doctrine peculiar to the criminal law. "A bailment," Mr. BISHOP, says, "is where one has personal property intrusted to him to be returned or delivered to another *in specie*, when the object of the trust is accomplished." (Bishop on Criminal Law, § 857.) Again he says: "A bailment takes place where an article of personal

property is put into the hands of one for a special purpose, and it is to be returned by the bailee to the bailor or delivered to some third person when the object of the trust is accomplished." (Bishop on Statutory Crimes, §423; *Krause* v. *Com.* 93 Penn. St. 418.) It is said that the object of these statutes is to cover that which is not larceny at common law.

Bearing in mind, then, what constitutes a bailment within the meaning of these statutes and the purposes for which they were enacted, upon the facts as disclosed by this record, what was the relation which the defendant sustained to the property put into his possession when it was demanded of him at Portland and he refused to deliver it? When the gold dust was intrusted to his possession and he undertook to transport it to Portland and deliver it to the party designated, his undertaking included the duty of a bailee, to be performed in this state, and the object of the trust he had assumed was only accomplished when he should deliver it to such party in Portland. That such an engagement is a bailment and valid here, where it is to be performed, and the relation of bailee terminated when the property should be delivered, would scarcely seem to admit of a doubt. The facts put themselves within the terms of the definition that certain "personal property was put into the hands of the defendant for a special purpose, to be delivered by him to a third person, when the object of the trust is accomplished." They established the relation of bailee in the defendant to the property intrusted to his possession, which continued with and followed him from the nature of his engagement until that relation should be terminated by a delivery of the property at Portland to the party designated, when the trust he had assumed would be discharged and its object accomplished. There is no evidence or any pretense that he was in any way relieved from his engagement as bailee or absolved from his trust, from its inception until his final repudiation of it in Portland, where he was then a bailee within the venue in which his offense is laid, and subject to our laws and to be punished by our courts in that locality

for the violation of his trust. As bailee, when the defendant arrived in Portland in the performance of his trust, he was rightfully in the possession of the property, and was guilty of no violation of that trust, even after he had been sought out and the gold dust had been twice and at different times demanded of him and he promised to deliver it in accordance with his engagement. So far as this record discloses, he had committed no offense here or elsewhere until he refused to account for it. But he was a bailee when he arrived in Portland, and sustained that relation to the property intrusted to him, and, as Mr. Bishop says, "Our courts cannot ignore the relation sustained to the property by the defendant here, or the trespass committed upon it here, or the felonious intent which here existed." (Bishop's Crim. Law, § 130.) When, therefore, sustaining the relation of bailee to the property intrusted to him, it was demanded of him by the person authorized to receive it, and he finally, upon the third demand, after he had promised twice to pay it over to such person, repudiated his trust and refused to account for it, it was an act or conduct inconsistent with the nature of his trust, in violation of it, and effective as evi- dence of his conversion of the property. "Insolvency, flight, or refusal to pay," says Mr. Wharton, "are the usual and most effective evidences of conversion." (Wharton's Crim. Law, § 1950; Bishop on Crimes, § 424.) Being a bailee, and the conversion occurring within the venue where his offense is laid, the court had jurisdiction of the crime with which he was charged. "Some act of conversion or appropriation by the bailee," says Mr. Wharton, "must be alleged and proved to have taken place within the jurisdiction of the court." (*Idem,* § 1957.) And again, that "the defendant may be tried in any county where any part of the embezzle- ment was committed, or where, upon being called upon to account, he disowned having received the money." (*Idem,* § 1937.) "The *gravamen* of the charge," Mr. Bishop says, "is that this person did convert the same to his own use." (Bishop on Statutory Crimes, § 422.) "But here," says Lord

ALVANY, C. J., "there is no evidence of any act to bring the prisoner within the statute until he is called upon by his master to account. When called upon by his master to account for the money, the prisoner denied that he ever received it. This was the first act from which the jury could with certainty say that the prisoner intended to embezzle the money. In this case there was no evidence of the prisoner having done any act to embezzle in the county of Surrey, nor could the offense be complete, nor the prisoner be guilty within the act, until he refused to account to his master. We are, therefore, of the opinion that the prisoner was properly indicted in the county of Middlesex." (*Rex* v. *Taylor*, 3 Bos. & Pul. 596.) Nor in the present case was there any evidence of any act for which the defendant was liable or which indicated an intent to repudiate his trust and convert the property to his own use, until he denied receiving the money and refused to account. This being charged and proved to have taken place within the venue where his offense is laid, was within the jurisdiction of the court which tried and convicted him.

The next objection is, that conceding jurisdiction, there was no evidence of the commission of any crime, except the confessions of the defendant; or, in other words, there must be other proof of the *corpus delicti* than the confessions or admissions of the defendant. This is based on the assumption that the only evidence of the relation of the defendant as bailee to the property was the admission of the defendant, when, after his arrival in Portland, the gold dust was demanded of him by the person authorized to receive it, and he promised to turn it over to him on two separate occasions. But enough has already been said to show that there was evidence that the gold dust was intrusted to his possession to be delivered to a designated person in Portland, and that he sustained the relation of bailee to such property when it was demanded of him, and that if he had then and there refused to account for it or deliver it, without any acknowledgment on his part of such relation as bailee to the prop-

erty, it would have made a case for the consideration of the jury.   The effect of his admissions was only to strengthen the evidence for the prosecution that he was such bailee of the property.   It was only corroborative of his character as bailee of the property intrusted to him and his intention then to fulfil his trust, but this was not enough;  some act of conversion or appropriation of the property to his own use must be charged and proved before he could be guilty of the offense of larceny by bailee.   That proof, which is the *gravamen* of the charge, was not furnished by him or by his admissions, but by another witness.   It was when as a bailee, being called upon to account, he disowned having received the gold dust, that he furnished the decisive evidence of its conversion.   That a conviction should not be had on the extra judicial confessions of the defendant, unsupported by any corroborating facts and circumstances, need not be questioned; it is proof *aliunde* of the *corpus delicti* which is required, and Mr. Bishop intimates that the rule in this regard would be better applied as one of caution and discretion than of law.   (1 Bishop on Crim. Proc. §§ 1070, 1071.)

But however that may be here, neither the fact that the gold dust was intrusted to his possession for the special purpose of delivering it to a third person in Portland, or the violation of such trust and the conversion of the property to his own use, stands upon his unsupported admissions alone.   All that can be said is that when it was proved that such property was intrusted to his possession to be delivered as specified, and the person designated to receive it applied to him for it, and he promised to deliver it, he only corroborated what had already been proven and recognized—his relation to the property as bailee and perhaps his intention to fulfil the trust confided to him.   It may be that Chinese testimony is open to the criticism claimed, but the credibility of the witnesses and the weight and value of testimony is for the jury and not for our decision.

We think the judgment must be affirmed.