## THE STATE OF NORTH DAKOTA v. J. C. HOFF.

(150 N. W. 929.)

**Embezzlement — information — sufficiency.**

1. Information examined and held sufficient to charge embezzlement by defendant as a bailee.

**Instruction — intent — errors — cured by specific instructions.**

2. Though a portion of the instructions concerning intent are inaccurate, and, under certain circumstances, might be prejudicial, the specific instructions as to intent cure the error complained of and render the same nonprejudicial.

Opinion filed January 18, 1915.

Defendant, convicted of embezzlement, appeals from the judgment of the District Court of Mountrail County, *F. E. Fisk,* J.

Affirmed.

*E. R. Sinkler* for appellant.

The information is insufficient for the reason that the charging

clause or part is in recital form. No bailment is alleged. No demand for the return of the property is alleged. No conversion alleged. No fiduciary capacity is pleaded, and no trust relation shown. The information is bad for duplicity. State v. Messenger, 58 N. H. 348; State v. Palmer, 32 La. Ann. 565; 7 Enc. Pl. & Pr. 418; People v. Tryon, 4 Mich. 665; State v. Farrington, 59 Minn. 147, 28 L.R.A. 395, 60 N. W. 1088.

The capacity or character in which money or other property alleged to have been embezzled was received or held by the accused, and the fact that it came into his possession by reason of such fiduciary relation, should be alleged in the information. 15 Cyc. 519; Com. v. Barney, 115 Ky. 475, 74 S. W. 181; Terry v. State, 1 Wash. 277, 24 Pac. 447; People v. Cohen, 8 Cal. 42; Sanders v. State, 86 Ga. 717, 12 S. E. 1058; Kibs v. People, 81 Ill. 599, 2 Am. Crim. Rep. 414; Gaddy v. State, 8 Tex. App. 127; State v. Longworth, 41 Tex. 162; Com. v. Simpson, 9 Met. 138; State v. Johnson, 21 Tex. 775; Griffin v. State, 4 Tex. App. 390; Wise v. State, 41 Tex. 139.

A deposit for safe-keeping is one where the depositary is bound to return the identical thing deposited. Rev. Codes 1905, § 5451.

In such case, before embezzlement can be claimed it must be shown that the thing or property has been converted to the depositary's own use. A mere appropriation to one's use is not sufficient. People v. Cohen, 8 Cal. 42; People v. Peterson, 9 Cal. 313; People v. Poggi, 19 Cal. 600; 3 Chitty, Crim. Law, 967; Com. v. Merrifield, 4 Met. 468; People v. Johnson, 71 Cal. 384, 12 Pac. 261; State v. Griffith, 45 Kan. 142, 25 Pac. 616.

The information, under our statute, should not merely state the bailment or trust, but should aver the facts and circumstances which make the case embezzlement, and it is also necessary to state the purpose for which defendant was intrusted with the property. Com. v. Smart, 6 Gray, 15; State v. Grisham, 90 Mo. 163, 2 S. W. 223; Gaddy v. State, 8 Tex. App. 127; State v. Mims, 26 Minn. 191, 2 N. W. 492; Wilbur v. Territory, 3 Wyo. 268, 21 Pac. 698.

Information should allege that defendant agreed to safely keep the property. Calkins v. State, 34 Tex. Crim. Rep. 251, 29 S. W. 1081; State v. Nelson, 79 Minn. 388, 82 N. W. 650; People v. Dunlap, 113 Cal. 72, 45 Pac. 183; Wabash, St. L. & P. R. Co. v. People, 12 Ill.

App. 448; State v. Collins, 62 Vt. 195, 19 Atl. 368; State v. Walworth, 58 Vt. 502, 3 Atl. 543.

A wholly unjustified attack by counsel upon a party to a cause on trial before a jury is calculated to prejudice their minds and prevent them from impartially weighing the evidence, and is ground for a new trial. Parker v. Providence Carriage Co. 20 R. I. 378, 78 Am. St. Rep. 878, 39 Atl. 242; People v. Dane, 59 Mich. 550, 26 N. W. 781; Sasse v. State, 68 Wis. 530, 32 N. W. 849; Kearney v. State, 101 Ga. 803, 65 Am. St. Rep. 348, 29 S. E. 127.

The intent to defraud must be established by the state beyond a reasonable doubt from all the evidence, and not from one act. State v. O'Malley, 14 N. D. 200, 103 N. W. 421; State v. Pilling, 53 Wash. 464, 132 Am. St. Rep. 1080, 102 Pac. 230; Thomas v. State, 57 Tex. Crim. Rep. 452, 125 S. W. 35; State v. Schaefer, 35 Mont. 217, 88 Pac. 792; Goldsberry v. State, 66 Neb. 312, 92 N. W. 906; Madden v. State, 1 Kan. 356; Farris v. Com. 14 Bush, 367; Thomas v. State, 16 Tex. App. 539; Black v. State, 18 Tex. App. 124; Luera v. State, 12 Tex. App. 259; Ogletree v. State, 28 Ala. 697.

*F. F. Wyckoff,* State's Attorney, for respondent.

"That the act or omission charged as the offense is clearly set forth, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Rev. Codes 1905, § 9856.

Certain positive and specific facts are alleged which clearly create the trust relation existing between defendant and the complaining witness. Rev. Codes 1905, §§ 5703, 5704; Wilbur v. Territory, 3 Wyo. 268, 21 Pac. 698; People v. Johnson, 71 Cal. 384, 12 Pac. 261.

In such cases, it is not necessary to allege a demand and refusal to return the property, because such are not elements of the offense; only evidence of the wrongful conversion is necessarily in such respect. Com. v. Kelley, 125 Ky. 245, 101 S. W. 315, 15 Ann. Cas. 573; State v. Porter, 26 Mo. 208; People v. Piggott, 126 Cal. 509, 59 Pac. 31; People v. Carpenter, 136 Cal. 391, 68 Pac. 1027; People v. Ennis, 137 Cal. 263, 70 Pac. 84.

Proper objection and exception to improper remarks of the state's attorney during the trial must be made at the time they occur, in order

to present the question for review.   Territory v. Collins, 6 Dak. 234, 50 N. W. 122.

The intent may be inferred and presumed from the doing of a wrongful and fraudulent act.   A person intends the ordinary consequences of his voluntary act, and that an unlawful act was done with an unlawful intent.   State v. O'Malley, 14 N. D. 200, 103 N. W. 421; State v. Pilling, 53 Wash. 464, 132 Am. St. Rep. 1080, 102 Pac. 230; State v. Schaefer, 35 Mont. 217, 88 Pac. 792.

Goss, J.   Defendant, convicted of embezzlement, appeals.   The first error assigned is based on objection to all testimony on the ground that the information is insufficient to charge embezzlement.   The information was not assailed by demurrer.   It will be assumed that the question of sufficiency of the information to charge embezzlement is raised under § 10,745, Comp. Laws 1913.   The information recites that defendant "did commit the crime of embezzlement, committed as follows, to wit: that at said time and place the said J. C. Hoff then and there having in his possession and under his control property of Carl Anderson, to wit:   $120 intrusted to said J. C. Hoff by said Carl Anderson for safekeeping, for the use and benefit of said Carl Anderson, did wilfully, fraudulently, and feloniously appropriate the same to his own use, a purpose not in the due and lawful execution of his trust, without the consent of said Carl Anderson."   The information is drawn to charge embezzlement by a fraudulent conversion by a bailee, under § 9934, Comp. Laws 1913.   That statute, omitting unnecessary words, reads: "If any person being intrusted with any property as bailee.  .  .  . fraudulently converts the same or the proceeds thereof to his own use, or secretes it or them with a fraudulent intent to convert to his own use, he is guilty of embezzlement."   Appellant asserts that the information is insufficient "for the reason that the charging part is in the form of a recital."   This arises from the use of the word "having," the participle.   No citation of authority is needed, as no modern authority supports the objection taken.   Bishop's New Criminal Procedure, vol. 2, §§ 504, 556–588, that "the participle or even the adverb will suffice when so employed to satisfy the demand for directness," and "the law which is even indifferent to false grammar and verbal in-

accuracies does not require for the direct averment any particular part of speech, provided that to the common understanding it is direct."

Counsel then avers that the information is drawn under both §§ 9933 and 9934, relating to different appropriations by persons in different fiduciary capacities, and therefore, that the information is duplicitous. This ground cannot be urged on an objection taken to evidence. It can only be taken by demurrer. No demurrer having been interposed, the defect is waived. State v. Climie, 12 N. D. 33, 94 N. W. 574, 13 Am. Crim. Rep. 211. But the information was not drawn under or to cover any embezzlement except the one charged under § 9934, heretofore quoted.

The next assignment is that "no demand for the return of the property alleged to have been embezzled is set forth." Drawn under this section the information did not need any allegation as to demand, as the statute does not make demand an element of the offense. 15 Cyc. 522 and authorities under note 27 and 7 Enc. Pl. & Pr. 440. "It is necessary to allege a demand made upon the defendant to pay the money or return the property, and his refusal to do so, only when the statute makes such demand and refusal elements of the crime." See also Keys v. State, 81 Am. St. Rep. 63, and note (112 Ga. 392, 37 S. E. 762), and State v. Blackley, 138 N. C. 620, 50 S. E. 310, that "where a statute defining embezzlement does not make a demand necessary to support a conviction, proof of a demand is unnecessary." Arizona v. Monroe, 10 Ariz. 53, 85 Pac. 651.

Defendant then alleges that "there is no allegation set forth of conversion by the defendant." This is predicated upon the use of the words "fraudulently appropriate" in the information, instead of the statutory terms "fraudulently convert" in the averment that said defendant "did wilfully, fraudulently, and feloniously appropriate the same to his own use . . . without the consent of said Carl Anderson." The objection is unsound. Section 9929 defines embezzlement to be "the fraudulent appropriation of property by a person to whom it has been intrusted," and § 9934 declares that under the circumstances there stated whoever "fraudulently converts the same . . . to his own use is guilty of embezzlement," the very definition of which is the fraudulent appropriation of property by a person to whom it has been intrusted. In other words, the term "convert" means no more than

is signified by the term "appropriation" as used in defining this particular crime. See also § 9936, construed in State v. Bickford, 28 N. D. 36, 147 N. W. 407 at page 418. And the information charges the commission of the crime of embezzlement by felonious appropriation of property. The terms are words of art as used in the information for this particular crime, and therefore have a certain and definite meaning. Teston v. State, 50 Fla. 137, 39 So. 787. Counsel in this connection draws the inference that because the statute uses the word "converts," a demand must be alleged before a conversion to constitute embezzlement is charged. The cases heretofore cited establish the law to be the contrary. See also People v. Ward, 134 Cal. 301, 66 Pac. 372, from which we quote: "A demand is not 'an indispensable requirement of law in all cases,' as contended by appellant, nor can it be true that 'without such demand, no offense [embezzlement] exists.' A demand, followed by a refusal, if the other essential facts exist, is evidence of embezzlement, and sometimes indispensable evidence of it; but it is the fraudulent and felonious conversion of the money or other property that constitutes the offense, and that may often be proved without a demand," citing authority. This is true, of course, only where a demand is not a part of the definition of the embezzlement charged.

It is urged that the information does not sufficiently charge the existence of a fiduciary relationship between defendant and Anderson, or define the same, or allege that the money was held by defendant in a fiduciary capacity and appropriated to a purpose not in the lawful execution of the trust under which it was held. The information charges the money to have been in the possession and under the control of defendant, and to have been the property of Anderson, intrusted to the defendant by him for safe-keeping, for the use and benefit of Anderson, and Anderson's money, so held by defendant for such purposes, was by defendant fraudulently appropriated to his own use,— a purpose not in the due and lawful execution of his trust, and this without Anderson's consent. The words "for safe-keeping" define the character for the holding by defendant of Anderson's money so intrusted and in Hoff's possession and control, and that the same is alleged to be for the benefit of Anderson. The facts stated make the defendant a bailee of the money under the only conclusion of law to be

29 N. D.—27.

drawn therefrom. This sufficiently meets the requirement that the fiduciary relationship and character of the holding and possession of the money shall appear. It may be true that without the phrase "for safe-keeping" the information would be fatally defective. Such has the support of the cases found in appellant's brief, upon which question there is no necessity for passing. Assuming that the character of the bailment must appear, "the nature of this trust is we think, for all practical purposes, sufficiently indicated by the averment to the effect that it was created for the use and benefit of the particular person named," quoting from Keys v. State, 112 Ga. 392, at page 395, 81 Am. St. Rep. 63, at page 66, 37 S. E. 762; 15 Cyc. 519; 7 Enc. Pl. & Pr. 420–423. It is true that some early holdings may be found to the contrary, but the tendency of the law in embezzlement, under statutes, found in most of the states, similar to §§ 10,693, 10,694, and kindred provisions, announcing rules of pleading and form of the information, is toward a more liberal construction of criminal informations. As illustrative of this, some of the very authority cited, People v. Cohen, 8 Cal. 42, was overruled in People v. Poggi, 19 Cal. 600, in turn again later at least modified by the holding of People v. Johnson, 71 Cal. 384, 12 Pac. 261, also an embezzlement case, wherein the same claim was made as here. "It is insisted that the information is fatally defective in that it does not charge in express terms that the defendant was a 'bailee.' The decisions of the courts of the several states as to the sufficiency of the charging parts of indictments depend very largely on the various statutes. . . . We think it does not render the information subject to general demurrer that the defendant is not named therein as 'bailee' . . . if the terms of the contract between the defendant and the person alleged to have been specially injured are specifically set forth and the contract clearly shows that the defendant was thereby constituted a bailee and received the property in that capacity. . . . None of the cases seem to sustain the proposition that where the facts showing a party charged as a 'bailee' are fully stated, and all the other facts necessary to constitute the offense are averred, and indictment is fatally defective, because he is not in terms alleged to be a 'bailee.' On principle, we can see no reason why it should be so held." And many of the very cases cited by appellant are discussed in People v. Poggi, 19 Cal. 600, and held inapplicable.

The information there was very similar to the one here. It sufficiently charges both the fact of and the character of the bailment.

Error is assigned on a remark of the state's attorney, made during defendants' cross-examination. No exceptions was taken thereto, either at the time or later, during the progress of the trial, and there is therefore nothing upon which to predicate error.

Several exceptions are taken to the written charge given, all of which have been carefully examined. Only one is apparently meritorious. But taking the instruction as a whole, and in the light of the proof, no prejudice could have resulted from such error. In its general instructions the court said: "To constitute the crime of embezzlement the intent of the defendant is a material allegation to be proved by the state." A correct instruction, but which was followed by the erroneous one that "the rule of law in regard to intent is that intent to defraud is to be inferred from wilfully and knowingly doing that which is illegal and which in its necessary consequences and results must injure another. The intent may be presumed from the doing of a wrongful and fraudulent or illegal act." While this is an instruction in the abstract, it is not a correct one. The statement that "intent to defraud is to be inferred" may be easily misunderstood. What was meant was that intent to defraud may be inferred. Then again, intent to defraud is not necessarily an inference to be drawn from "knowingly doing that which is illegal, and which in its consequences and results must injure another." People v. Jackson, 138 Cal. 462, 71 Pac. 556, 557. This instruction, also given in a prosecution for embezzlement, is there criticized as follows: "We think appellant's objection to that part of the instruction which reads as follows, 'A fraudulent and felonious intent is presumed from the deliberate commission of an unlawful act for the purpose of injurying another' is not altogether without foundation. It does not necessarily follow that a party intends fraud because he deliberately commits an unlawful act for the purpose of injuring another. The 'unlawful act' may be an act of personal violence, intended simply to injure the person, or it may be intended only to injure the character, and in no way directed at the property or property rights of the person. In any of these instances it would be very difficult to deduce a fraudulent purpose from the act." But the court concludes with the following, applicable to the instant case, under the evidence:

"But in this case there were no acts of defendant before the jury from which to infer any criminal intent, except the acts which went to make up the very crime with which she was charged, and which were pertinent to establish that crime. The jury of necessity, therefore, must have applied the instruction to those facts alone; and thus applied, it could do the defendant no harm. Again, the portion of the instruction objected to should be read and construed with all the instructions given; and reading it thus, it is still more clearly made to appear that the defendant suffered no injury by it." The instruction given was taken literally from 2 Brickwood's Sackett, Instructions, § 2925 (d), and one which was approved in Agnew v. United States, 165 U. S. 36–48, 41 L. ed. 624–629, 17 Sup. Ct. Rep, 235, where the identical instructions here given are found as a part of a lengthy instruction on intent in embezzlement. But, of course, instructions sometimes proper in federal courts are erroneous in state jurisdictions, where, as here, the court must not instruct upon facts. State v. Barry, 11 N. D. 428, 92 N. W. 809, adhering to the rule early announced in Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003. The instruction is inaccurate and should not be given. But the jury were also instructed that it could not find defendant guilty without he entertained at the time of the appropriation of the money a specific intent to "fraudulently appropriate or convert the same to his own use." The erroneous general instruction must have been nonprejudicial under the facts and under the specific instruction on intent later given.

All the testimony has been carefully read and overwhelmingly supports the verdict. The judgment and order appealed from is affirmed.