This is a criminal prosecution had at the same time as the case of the State of North Dakota against John J. Hastings on an embezzlement charge, wherein this Court rendered a decision at this term. In the case at bar the defendant is charged with the violation of the law commonly known as the "Blue Sky Law." The proceedings were had at the same time and this appeal presents the same identical questions with reference to procedure as were decided by this court in the other case. The rule laid down there with reference to the jurisdiction of the court to pass sentence and refusal of the court to permit change of plea governs in this case. As in the former case, so in this — the defendant challenges the sufficiency of the information stating that the same does not state a public offense. This point is raised in this court for the first time. The essential portions of the information are as follows: "The defendant, John J. Hastings, did feloniously by himself as principal, and through agents, did sell, did offer for sale, did by means of advertisement, circulars and prospectus, and by other means of public offerings, attempt to promote the sale, did negotiate for sale, did take subscriptions for sale, certain stocks, bonds and other securities of an investment company, to wit: The Bankers' Holding Company, which stocks and bonds were then and there speculative securities and that the said defendant at said time and place did do and commit all of the aforesaid things and acts without first filing or causing to be filed with the said securities commission a copy of the securities to be promoted, or a statement in substantial detail of assets and liabilities of the person or company negotiating and issuing such securities, and without first filing or causing to be filed with the said securities commission, of the state of North Dakota, any statement, document or writing of any kind or character whatsoever, pertaining to or in connection with said stocks or bonds or the selling thereof, and that said defendant at all times wholly failed to file or cause to be filed any statement in connection with said stocks and bonds and the said sale thereof with the said securities commission; that the said defendant did not in any shape, form or manner comply with the said State Securities *Page 880 
Commission Act; that the said defendant at said times and place was not the owner of said securities, and was not the maker or issuer thereof and that he did not sell same for his own account in the usual and ordinary course of business; that he sold the same for the direct and indirect promotion of a scheme within the purview of said act; that said stocks and bonds were and are not exempted from said provisions of said Securities Commission Act, and that said stocks and bonds and the sale thereof and the attempted sale thereof was of that kind and character which required a license and commission and approval from the said state securities commission before the lawful sale thereof could be made in the state of North Dakota, that the sale thereof and the attempted sale of such stocks and bonds were of such a kind and character which required any dealer thereof to first register with the said commission and make application to said commission for a license for the sale thereof, and to receive a license for the sale thereof, before the lawful sale thereof could be made in said state of North Dakota; that in said sale and attempted sale of said stock and the negotiation for the sale of the same, and the promotion of the sale thereof the said defendant was a dealer and representative of the said Bankers' Holding Company, and was acting in the capacity of dealer and representative of said company in doing the things aforesaid; that the said defendant at no time made any kind of an application to the said securities commission for permission to sell said stock; that he at no time registered with the said commission under the terms of said act, pertaining to the sale of said stock, or the offering of sale thereof; that the said securities commission of the state of North Dakota, at no time approved the sale or offering for sale, or negotiating for sale of said stock and securities, nor did said commission at any time issue any certificate or license, permitting the sale thereof, nor did the said commission at any time grant any license or certificate to said defendant or any other person for the sale or attempted sale of said securities and stock; that said securities and stock aforementioned, were speculative in character, fraudulent and of no value and that the said defendant in the sale of same, and in the offering for sale of said stock, was directly promoting an enterprise and scheme within the purview of said Securities Commission Act."
It is the attempt of the state to charge a violation of chapter 182, *Page 881 
Sess. Laws 1923. The defendant attacks the information along three main lines: First, it is duplicitous; second, it fails to negative certain exceptions in the Statute and, third, that it is indefinite in failing to define such terms as "dealer," "speculative securities," etc.,
It will be noted the defendant failed to demur to the information and his objection comes on his motion in arrest of judgment. It is the rule laid down by this Court that where the information is assailed for the first time by a motion in arrest of judgment it will be construed with less strictness than when the sufficiency thereof is raised by a demurrer. See State v. Johnson, 17 N.D. 554, 118 N.W. 230; State v. Wright, 20 N.D. 216, 126 N.W. 1023, Ann. Cas. 1912C, 795.
It may be that the information does charge more than one offense but this question of duplicity was waived by a failure to demur. Compare §§ 10,737 and 10,745 of the Code. See State v. Climie, 12 N.D. 33, 36, 94 N.W. 574, 13 Am. Crim. Rep. 211; State v. Hoff, 29 N.D. 412, 416, 150 N.W. 929. By pleading guilty the defendant admitted the truth of all of the statements in the information and the fact that it may state two or more distinct offenses does not render him less guilty of any one of them and he is being punished as if all of them were but one offense.
The information is lengthy and it was the evident intent of the state's attorney to so draft it that it would include all of the statutory statements construing the offenses and an examination of the information discloses the fact that these statements are in the general words and substantially in the language of the statute defining the offense. As stated in the case of State v. Johnson, supra, if the information states an offense although imperfectly by reason of general statements, but in the language of the statute defining the offense, and no demurrer has been interposed then a motion in arrest of judgment will not lie.
It was not necessary for the state to define such terms as "dealer" "speculative securities" etc. This chapter defines the term "dealer" and defines the term "speculative securities," and when such term is used in the information it is used in the sense of the definition given by the statute. Therefore when the statute defines the word "dealer" and then says that certain persons engaged in a certain way are to be excepted under the term "dealer" it was not necessary for the State to show the defendant was not one of the exceptions. The state charges *Page 882 
the defendant was a "dealer" and that means "a dealer" as defined by the statute. The same with reference to the "speculative securities." There are certain securities which are not "speculative securities" but the pleader was concerned with what are "speculative securities" and charged that the securities described were "speculative securities." This means "speculative" as that term is defined by the statute.
It was not necessary for the state to negative certain exceptions. See State v. McDaniels, 49 N.D. 648, 651, 192 N.W. 974. In general terms the pleader stated the offense in the language of the statute. There was no motion to make it more specific, or for a bill of particulars, if either of these methods is applicable to criminal procedure, nor was there any objection on the ground that the language was so vague the defendant did not know the precise offense for which he was being prosecuted. He appeared to know. He admitted the truth of all of the allegations by his pleadings. By that very fact he showed that he was not within any of the exceptions for his plea admitted he was doing just as was stated, and that he was a "dealer" in "speculative securities." We are not saying the information is a model of pleading but nevertheless it is not subject to attack by this motion in arrest of judgment.
The judgment of the lower court is affirmed.
CHRISTIANSON, Ch., J., and BIRDZELL and NUESSLE, JJ., and COFFEY, District J., concur.
Mr. Justice BURKE, being disqualified, did not participate, Honorable J.A. COFFEY, Judge of the Fourth Judicial District, sitting in his stead. *Page 883