[File No. 6291.]

BLACK DIAMOND FUEL COMPANY, a Corporation, Respondent, v. WILLIAM J. BILLSTEIN and Western Surety Company, a Corporation, and

WESTERN SURETY COMPANY, Appellant.

(258 N. W. 806.)

Opinion filed February 6, 1935.

*Knauf & Knauf,* for appellant.

*S. E. Ellsworth,* for respondent.

BURR, J. The defendant surety company demurred to the complaint. The demurrer was overruled and the defendant surety appealed.

The gist of the complaint is: "That on the 22nd day of October A. D. 1931 said defendant, Western Surety Company, made, executed and delivered to plaintiff, for a due consideration, a Fidelity Bond wherein and whereby it insured plaintiff in a sum limited to $2,000, against such pecuniary loss as might be sustained by plaintiff by any act of larceny or embezzlement causing a shortage in the account of said defendant (Billstein) while employed by plaintiff in the location hereinbefore stated."

Further, that while the bond was in force and effect, "accounts of said defendant, William J. Billstein, as the employee of plaintiff, disclosed a shortage of cash in the sum of $446.90. That demand was made upon said defendant, Billstein, and later upon said defendant, Western Surety Company, for payment of said sum; but that both of said defendants have at all times failed and refused to make said payment, and the same is now due and owing to this plaintiff."

The demurrer alleges the complaint does not state facts sufficient to state a cause of action against the surety company. The complaint says there was "a shortage of cash." The term "shortage" is defined by Webster as a "deficiency, shortcoming or deficit." The reference to a "shortage" in one's accounts does not necessarily impute larceny. Whitley v. Newman, 9 Ga. App. 89, 70 S. E. 686; Thomas v. McShan, 99 Okla. 88, 225 P. 713; Grand Union Tea Co. v. Lord (C. C. A. 4th) 231 F. 390, Ann. Cas. 1918C, 1118.

The Georgia case was an action for slander. It was charged defendant had said plaintiff was "short" in his accounts. A demurrer to the complaint was interposed evidently on the theory that such a statement did not "necessarily impute to him the crime of larceny after trust." The lower court sustained the demurrer and the judgment was affirmed.

The Oklahoma case was an action for libel. The defendant was charged with saying of the plaintiff, the city treasurer, "he was short $5,500.00." The lower court held the words were libelous per se; but eventually the defendant secured judgment. The appellate court held,

however, that the words were not libelous per se, though the judgment was affirmed on other grounds.

The federal case was an action for slander, the plaintiff in the lower court claiming that the company said regarding him "his stock is short and his cash." The trial court held these words "necessarily impute the commission of a criminal offense and were therefore actionable per se" but the circuit court of appeals reversed the judgment holding the "shortage" mentioned may have been understood to be merely a discrepancy resulting from carelessness or unintentional error which called upon Lord for explanation.

As said in the Oklahoma case cited the plaintiff, "a public official, may be short in his accounts without being guilty of any crime, neglect of official duty, incompetency, or malfeasance in office. It might be caused by some act of an employee for whose act he would be responsible, but in such circumstances as could not impute to him negligence or incompetency. It might occur, as in fact it did in this case by the failure of the depository bank in which plaintiff had deposited the money belonging to the city and without any fault on plaintiff's part."

Plaintiff urges that under our statute, § 9929, Compiled Laws 1913, "embezzlement is a fraudulent appropriation of money by a person to whom it has been entrusted" and that the allegations of shortage in the complaint and of demand upon the defendant for payment and his refusal show embezzlement. In support of the contention he cites Willis v. State, 134 Ala. 429, 33 So. 226; Hemingway v. State, 68 Miss. 371, 8 So. 317; State v. Hasledahl, 3 N. D. 36, 53 N. W. 430; State v. Hoff, 29 N. D. 412, 150 N. W. 929; Riley v. State, 32 Tex. 763; Secor v. State, 118 Wis. 621, 95 N. W. 942; O'Brien v. United States, 27 App. D. C. 263.

All the cases cited other than the Alabama and the federal case dealt with the weight of the evidence introduced on the trial. They did not involve a demurrer to the information or indictment. For example, in State v. Hoff, 29 N. D. 412, 150 N. W. 929, supra, it is specifically stated "the information was not assailed by demurrer." In State v. Hasledahl, 3 N. D. 36, 53 N. W. 430, supra, no attack was made on the information under which the defendant was tried.

In the Alabama case and the District of Columbia case a demurrer

to the indictment was interposed; but the indictment in each case charged fraudulent misappropriation, and the quotation from these cases deal with the effect of evidence.

Where an information charges a "fraudulent appropriation," as is necessary under the section of the compiled laws defining embezzlement, such term would imply unlawful taking; but a shortage may be occasioned by loss through accident, theft by one for whom the employee was not responsible, or from some other cause innocent in itself.

It is true the bond does not state that "any act of larceny or embezzlement causing a shortage in the account of" Billstein must be larceny or embezzlement by Billstein. The language of the bond, as set forth in the complaint shows the shortage insured against is a shortage caused by "an act of larceny or embezzlement."

The complaint does not allege that "the shortage of cash in the sum of $446.90" was caused by larceny or embezzlement on the part of anyone.

Even if we assume the defendant would be liable by reason of a loss caused by the larceny or embezzlement of a person other than the defendant Billstein yet the fact of a deficiency and refusal to pay the same does not imply necessarily larceny or embezzlement by anyone.

In Canton Nat. Bank v. American Bonding & T. Co. 111 Md. 41, 73 A. 684, 18 Ann. Cas. 820, the court construed a bond wherein the surety agreed to reimburse the plaintiff for "pecuniary loss if any as may be sustained by the employer by reason of any fraudulent or dishonest conduct of the employed in connection with the duties of such position, amounting to embezzlement or larceny." There was a demurrer to the complaint which demurrer was sustained by the trial court.

The complaint had several charges showing the employed was short in his accounts, even going to the extent of charging in some cases that the employed had directed and authorized wrongful payments. But the court says "it does not therefore appear from the charges made in these breaches that the cashier was guilty of the larceny of the money taken;" and quoting from 3 Enc. Pl. & Pr. 661, says: "the breach must show with certainty and precision that the plaintiff has a cause of action." The demurrer was sustained on this and other grounds.

In the case at bar the demurrer should have been sustained. The

complaint should state specifically that the "pecuniary loss" was sustained by an "act of larceny or embezzlement causing a shortage in Billstein's account," this being the only kind of "shortage" insured against. The loss, failure to explain, refusal to pay on demand may all be proof of such larceny or embezzlement. The order therefore is reversed and case remanded to the district court.

Burke, Ch. J., and Nuessle and Christianson, JJ., concur.

Morris, J., not participating.