STATE v. BLACKLEY.

(Filed March 28, 1905.)

*Embezzlement—Place of Offense—Matter of Defense—Demurrer to Evidence—Indictment — Demand — Continuance.*

1.  In an indictment for embezzlement, where there was evidence that the defendannt entered into a contract in Georgia with M, by which he agreed to take a carload of mules to Raleigh, N. C., and sell them for M, and after deducting all expenses from gross receipts, he was to receive one-half of the net profit as his compensation; that he brought several car loads of mules to Raleigh and sold them as agent of M, and at the termination of the business he was short in his returns, *held,* a demurrer to the evidence was properly overruled.

2.  The defendant cannot raise by demurrer to the State's evidence the objection that the crime, if proved, was not committed in this State, but this is a matter of defense to be affirmatively shown by defendant.

3.  While an indictment for embezzlement must charge that the defendant was not an apprentice, nor under the age of 16 years, yet it is not an act constituting a part of the transaction which the State is called on to prove; but is a status, peculiarly within the knowledge of the defendant and is a defense to be shown by him.

4.  The statute (Code, section 1014), does not make a demand necessary to support a prosecution for embezzlement.

5.  An exception for refusal of a continuance is a matter that lies in the discretion of the trial judge, and is not reviewable on appeal, unless possibly when there has been a gross abuse of the discretion.

6.  In order to convict the defendant of embezzlement four distinct propositions of fact must be established: (1) that the defendant was the agent of the prosecutor, and (2) by the terms of his employment had received property of his principal; (3) that he received it in the course of his employment, and (4) knowing it was not his own, converted it to his own use.

INDICTMENT against J. C. Blackley, heard by *Judge G. S. Ferguson* and a jury, at the September Term, 1904, of the Superior Court of WAKE County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*J. C. L. Harris, S. G. Ryan* and *F. S. Spruill* for the defendant.

CLARK, C. J. The defendant was convicted of embezzlement. There was evidence that the defendant entered into a contract in Georgia with one McAdow by which he agreed to take a car load of mules to Raleigh, North Carolina, and sell them for McAdow, and after deducting all expenses from gross receipts, the defendant was to receive one-half of net profit as his compensation; that the defendant brought several car loads of mules and horses to Raleigh and sold them as agent of the prosecutor (McAdow) and at the termination of the business he was "short" in his returns $4,212.55.

The defendant introduced no evidence, but asked the court to instruct the jury that upon the whole evidence they should return a verdict of not guilty. The defendant contends that nine points or defenses are raised by his demurrer to the evidence.

(1) For that the contract appeared to have been made in Atlanta, Ga., and therefore the defendant cannot be convicted of embezzlement under that contract in the courts of North Carolina.

The evidence tends to show an embezzlement in Raleigh, N. C., since the conversion into money took place here, and the sum thus realized for prosecutor has not been paid over to him. Besides, if the crime charged, if proved, was not committed in this State, that is a matter of defense to be affirmatively shown by defendant. *State v. Mitchell,* 83 N.

C., 674; *State v. Buchanan,* 130 N. C., 660; *State v. Burton,* at this term, and could not be raised by a demurrer to the State's evidence.

(2) For that there was a fatal variance between the alle- gation of the bill of indictment and the proof offered, in that the bill alleged that the defendant was not an apprentice nor under the age of sixteen years, and in the testimony offered (all of which is sent up) there is to be found no word of proof as to either of the material averments.

It is not correct to say there was no evidence that the defendant was above the age of 16. There was no oral evidence on the point, but the defendant was in court and the jury had a right to use their eyes and draw their own inference that he was not shielded from responsibility by being a child, especially as there was no prayer to instruct the jury that he was not shown to be over 16, upon which the judge would have allowed evidence to be introduced upon the point to avoid a defect of justice. *State v. Holder,* 133 N. C., 712; *State v. Williams,* 129 N. C., 582. While the indictment must charge that the defendant was not an apprentice, nor under the age of 16 years (*State v. Lanier,* 88 N. C., 658), yet it is not an act, constituting a part of the transaction which the State is called on to prove. It is a status, peculiarly within the knowledge of the defendant (like non-marriage in indictments for fornication and adultery), which though charged in the bill, if denied, is a defense to be shown by defendant. *State v. McDuffie,* 107 N. C., 888; *State v. Peoples,* 108 N. C., 769; *State v. Cutshall,* 109 N. C., 769. When the status of defendant, as being under a given age or married, by the terms of the statute would withdraw the defendant from responsibility, while the indictment must negative such status, the status is a defense in the nature of a confession and avoidance which must be shown by the defendant. *State v. McDuffie, supra.* The State is not called

upon to prove negative averments, of this nature. *Cook v. Guirkin,* 119 N. C., 17.

On indictments for retailing without license, though the indictment should *aver* selling "without license," the burden is on the defendant to show that he had license, because (like the above allegations "not being an apprentice nor under 16 years of age") it is a matter peculiarly within the defendant's knowledge and susceptible of ready proof by him. *State v. Emery,* 98 N. C., 668; *State v. Smith,* 117 N. C., 809; *State v. Holmes,* 120 N. C., 576. In like manner, upon an indictment for entering upon land, without license, the negative averment must be made in the bill, but the burden is upon the defendant to show that he had license. *State v. Glenn,* 118 N. C., 1194.

In Ohio, where on a charge for embezzlement upon a statute containing a similar exception, the judge was asked to charge that there being no evidence that the defendant was under 18 years the jury should acquit, his refusal to so charge was held no error, the negative averment of such matter peculiarly within the knowledge of the defendant, puts on the defendant the burden of proof to withdraw himself from liability for acts which when proven in themselves constitute a criminal offense, unless excused by the status of defendant. *Grillo v State,* 2 Ohio S. & C. P. Dec., 208; 9 Ohio C. C., 394; 18 Century Dig., 732.

The evidence showed that the defendant came into possession of the property by virtue of contract and was the agent, not the apprentice, of the owner thereof.

(3) For that there was no sufficient evidence that the funds were ever embezzled at all, it appearing that the defendant at no time ever rendered a false account of his dealings, or made denial of his obligation to the prosecutor.

(4) For that the ownership of the property alleged to have been embezzled was, as appears from the evidence, partially in the defendant, and hence he could not be convicted of embezzling that of which he was a part owner.

There was evidence as to the embezzlement and the sole ownership of the funds embezzled, which were properly submitted to the jury.

(5) For that the defendant had the right, as appears from the evidence, to mix the funds received for and on account of his principal with his own funds and he could not therefore be convicted of embezzlement, for the reason that the money received must be regarded, for that time at least, as his own property and not that of his principal.

The court instructed the jury (as prayed) that if this were true, to find the defendant not guilty and properly added, "But if the jury shall be satisfied from the evidence that Blackley was to sell the horses and mules for McAdow and pay the expenses, and then pay to McAdow the cost price of the horses and mules before any division of profits, he had no right to mix the cost price of the horses and mules with his own money." The jury found the latter state of facts to be the truth.

(6) For that as is shown by the record it appears that even if McAdow and Simpson were not partners at the time of consignment of the mules, yet the money derived from the sale of the mules, and which the defendant is charged to have embezzled, was to be used in the payment of a bill payable in a bank, which bill payable had been signed by both McAdow and Simpson, and hence was joint property.

(7) For that the contract between Blackley and McAdow constituted a co-partnership between them, and one partner may not embezzle the partnership funds.

The following were the instructions asked on these points by the defendant, and both instructions were given as asked: (a) "If the jury shall find from the evidence in this case that the defendant was a partner of McAdow under the definition of partnership given by the court, then they will return a verdict of not guilty. One partner cannot commit embezzlement of the partnership funds that come into his

hands, because of the joint interest or ownership therein;" and (b) "The property alleged to have been embezzled must have been at the moment of its conversion the property of McAdow. If it was the property of McAdow & Simpson, the defendant cannot be convicted."

(8) For that there was no evidence that there was any embezzlement in the State of North Carolina, even if embezzlement had been actually proven.

(9) For that it appears that prior to instituting this prosecution against the defendant there was no demand made upon him by the prosecutors.

The eighth exception is discussed already under the first exception. As to the last point our statute does not make a demand necessary to support a prosecution for embezzlement. "Unless the statute requires it a demand is not necessary." 10 A. & E. Enc. (2nd Ed.), 995, and cases cited in note 5. Besides, when the witness met the defendant in Louisville, Ky., the latter, before arrest was even suggested, threw up his hands and stated voluntarily that the money was "all gone," and said he supposed the witness had come to take him back to North Carolina. These are the only exceptions in the brief and presumably cover all grounds relied on (*State v. Register*, 133 N. C., 751), and indeed the other exceptions naturally fall under one of the nine heads set out in the brief, save the exception for refusal of a continuance, which matter lies in the discretion of the trial judge and is not reviewable on appeal, unless, possibly, when there has been a gross abuse of the discretion, which was not the case here. *State v. Scott*, 80 N. C., 365; *State v. Lindsay*, 78 N. C., 500.

In order to convict the defendant of embezzlement four distinct propositions of fact must be established: "First, that the accused was the agent of the person or corporation alleged, and that by the terms of his employment he was charged with receiving the money or property of his princi-

138——40

pal; Second, that he did, in fact, receive such money; Third, that he received it in the course of his employment. Fourth, that he, knowing it was not his own, converted it to his own use or to the use of some third person, not the true owner." Underhill Cr. Ev., sec. 281; Rapalje Larceny and Kindred Offenses, sec. 389, par. b; 3 Rice Ev. (Cr.), sec. 459; *State v. McDonald,* 133 N. C., 680. There was evidence tending to prove all four of these distinct propositions of fact in the case at bar; that the defendant was the agent of the prosecutor, and by the terms of his employment had received property of his principal; that he received it in the course of his employment, and knowing it was not his own, converted it to his own use.

In *McDonald's case, supra,* this court held that the intent to defraud is a question of fact for the jury. In the case under consideration an instruction as to intent was submitted by His Honor in the words of the defendant's fourth prayer, and this instruction was repeated in the charge to the jury.

After the fullest investigation we find

No Error.