STATE v. JOHN W. GULLEDGE.

(Filed 21 February, 1917.)

**1. Embezzlement—Criminal Law—Principal and Agent—Banks and Banking.**

An indictment charging that the defendant was the president of a certain bank, and by virtue of his position received and feloniously appropriated the bank's money, sufficiently alleges an act of embezzlement; and it is not necessary for it to charge that the funds alleged to have been embezzled had been committed to his custody, or any breach of trust or confidence except that which grew out of his official relationship with the bank.

**2. Indictment—Embezzlement—Bill of Particulars—Conviction.**

A bill of particulars in a criminal action is not a part of the indictment for the offense charged, and can supply no defect therein; and the defendant has no legal right to demand that separate issues be submitted to the jury on each of the particulars furnished, upon indictment for embezzlement; and a conviction is proper when there is a verdict of guilty upon the issue and there is evidence of embezzlement upon one or more of the specifications furnished in the bill of particulars.

**3. Embezzlement—Trials—Evidence—Nonsuit—Instructions.**

Where upon a trial for embezzlement there is evidence that the defendant was the president of a bank and as such he received sums of money and evidences of debt belonging to the bank, for which he failed to account and which he appropriated to his own use, it is sufficient for conviction of the offense, under a charge by the court that the jury must find that the defendant intentionally and fraudulently converted the money to his own use.

INDICTMENT for embezzlement, tried at criminal term, July, 1916, of RICHMOND, before *Cline, J.*

The defendant was convicted, and from the judgment and sentence pronounced appeals.

*Attorney-General Manning, Assistant Attorney-General Sykes for the State.*
*H. H. McLendon and Vann & Pratt for defendant.*

BROWN, J. The defendant is indicted for embezzling $6,500 and other large sums of money, the property of the Southern Savings Bank of Wadesboro, of which he was president. The bill charges that by virtue of his position, and while holding it, the defendant, knowingly, willfully, fraudulently, and feloniously, and with intent to cheat and defraud, feloniously misapplied and appropriated to his own use the said sums of money.

The defendant was convicted by the jury and moved in arrest of judgment upon the ground that the bill of indictment does not sufficiently charge the offense, in that it does not charge that the money came into the possession of the defendant by virtue of his fiduciary relationship to the bank.

The motion was properly overruled. The bill is drawn in almost the exact language of the statute, and is practically the same bill as was passed on by this Court in *S. v. Wilson,* 101 N. C., 730, and sustained.

We think the bill does sufficiently aver that the defendant was the president of the bank, and that by virtue of his position received and feloniously appropriated the bank's money. It is not necessary to aver or prove that the property charged to have been embezzled had been committed to the custody of the defendant by the bank, nor to charge any breach of trust or confidence except that which grew out of the relation of the bank and its servant or agent. *S. v. Wilson, supra.*

In an indictment for embezzlement it is generally sufficient to *charge* four *averments*: first, that the defendant was the agent of the prosecutor; second, that he received the property of his principal by the terms of his employment; third, that he received it in the course of his employment; and fourth, that he intentionally and wrongfully converted it to his own use, knowing that it was not his own. *S. v. Blackley,* 138 N. C., 620.

These elements of the offense of embezzlement have all been charged in the bill, as well as supported by the evidence. The defendant excepts to the refusal of the court to instruct the jury to render a verdict of guilty or not guilty on each separate item of the bill of particulars in order that the jury might pass on them separately, and to his Honor's refusal to have the jury state specifically the items in the bill of particulars upon which their verdict was based.

The ruling of the court was proper. A bill of particulars is not a part of an indictment. In this case it was furnished at the request of the defendant and for his information as to the items of money and property relied upon by the State, and to prove the embezzlement of which the State proposed to offer evidence. A bill of particulars cannot be substaituted for a bill of indictment, nor can it supply a defect in the indictment. *S. v. Van Pelt,* 136 N. C., 633.

"The object of a bill of particulars is to enable the defendant to properly prepare his defense in cases where the bill of indictment is so indefinite that it does not afford the defendant a fair opportunity to procure his witnesses or prepare his defense." *S. v. R. R.,* 149 N. C., 508.

The granting of a bill of particulars is within the discretion of the trial judge. *S. v. Hinton,* 158 N. C., 625; *S. v. Dewey,* 139 N. C., 556.

It was sufficient to justify a conviction if the evidence proved beyond reasonable doubt that the defendant embezzled any money belonging to the bank, as set forth in the bill of particulars.

The motion to nonsuit the State upon the ground that there was no sufficient evidence offered to sustain the allegations of the bill was properly denied. The evidence tended to prove that the defendant was the president of the Southern Savings Bank and that as such president he received the sums of money and evidences of debt belonging to the bank; that he failed to account for the same, and appropriated the money to his own use.

There is evidence tending to prove that the defendant received and appropriated over $14,000 in nine different items, set out in the bill of particulars and submitted by the court to the jury, and that it was the property of the savings bank. There is most abundant evidence that the defendant knew that he was appropriating the funds of the institution of which he was the president, and that he used this money for his own benefit. The facts and circumstances fully justify the court in submitting the question of intent to the jury. He was given the full benefit of the opinion of this Court in *S. v. McDonald,* 133 N. C., 688, when his Honor instructed the jury that they must find that the defendant intentionally and fraudulently converted this money to his own use.

A careful reading of the evidence must convince any impartial mind that its probative force is amply sufficient to justify the court in submitting the question of the defendant's guilt to the jury, as well as to justify the verdict of guilty which was rendered.

We have examined the exceptions to the evidence and the charge of the court, and we find no error. The case seems to have been carefully tried and submitted to the jury in a very clear and comprehensive charge, which is not only free from error, but very fair and just to the defendant.

No error.