### STATE v. C. E. EUBANKS.

(Filed 5 October, 1927.)

**Criminal Law—Embezzlement—Evidence—Nonsuit.**

> Where there is evidence that an agent is charged with the duty of selling a load of tobacco upon a local market on behalf of the principal only, and accordingly receiving the price, he intentionally and wrongfully converted it to his own use, it is sufficient to constitute the crime of embezzlement, C. S., 4268, and sustain a verdict of guilty, on a motion as of nonsuit. C. S., 4643.

APPEAL by defendant from *Sinclair, J.,* at May Term, 1927, of LENOIR.

Criminal prosecution tried upon an indictment charging the defendant (a person over the age of sixteen years) with embezzlement. C. S., 4268.

From an adverse verdict and judgment thereon, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Shaw & Jones for defendant.*

STACY, C. J. There is evidence on behalf of the State, from which the jury could and did find: (1) That on 4 October, 1926, the defendant, C. E. Eubanks, was the agent of the prosecutor, John Smith, and charged with the duty of selling, on the Greenville market, a load of tobacco and receiving the price therefor, the property of his principal; (2) that he did in fact receive such money amounting to $110; (3) that he received it in the course of his employment; and (4) that he intentionally and wrongfully converted it to his own use, knowing that it was not his own.

This evidence was sufficient to constitute the crime of embezzlement, hence the case was properly submitted to the jury. *S. v. Gulledge,* 173 N. C., 746; *S. v. Long,* 143 N. C., 674; *S. v. Connor,* 142 N. C., 708; *S. v. Summers,* 141 N. C., 843; *S. v. Blackley,* 138 N. C., 620.

The motion for judgment as of nonsuit, made under C. S., 4643, was properly overruled.

No error.