STATE v. J. CLYDE RAY.

(Filed 28 January, 1935.)

1. **Judicial Sales A a—**

   A commissioner appointed by the court to sell lands and disburse the proceeds according to law is not a trustee in the general meaning of that term, nor an agent either of the court or the parties to the suit.

2. **Embezzlement B d—Charge in this case held insufficient in failing to explain law arising upon the evidence.**

   The indictment charged defendant with embezzlement of funds, in one count as commissioner appointed to sell lands, and in a second count as agent and attorney. The evidence tended to show embezzlement by defendant of funds coming into his hands solely as commissioner: *Held,* the charge of the court which failed to point out the distinction between the counts in the indictment, and which left the jury with the impression that both counts were valid, was inadequate, C. S., 564, 4268, the sole question to be considered by the jury being whether defendant had embezzled funds coming into his hands as commissioner.

**3. Embezzlement B c—**

In a prosecution of defendant for embezzlement of funds coming into his hands as commissioner to sell lands, defendant is entitled to have the jury consider the fact that defendant was looking for some of the heirs at the time he filed his report showing his failure to account for some of the funds.

APPEAL by defendant from *Cranmer, J.,* at August Term, 1934, of ORANGE.

Criminal prosecution, tried upon indictment charging the defendant (a person over the age of sixteen years) in one count, "as commissioner of the Superior Court of Orange County, and as agent of the Superior Court of Orange County, and the aforesaid parties," with receiving, having in his possession, and embezzling $2,955, the property of J. L. Phelps and others, and in a second count, "as agent and attorney of J. L. Phelps and others," with receiving, having in his possession, and embezzling the said $2,955, etc.

The evidence on behalf of the State tends to show that on 8 December, 1930, in a special proceeding pending in the Superior Court of Orange County entitled, *"John L. Phelps et al. v. Ida Hughes et al.,"* the defendant was appointed commissioner to sell the lands belonging to the estate of John Malone. The defendant entered upon his duties, sold the lands as directed, and took into his possession, as such commissioner, the proceeds derived therefrom, $4,365, and has failed to account for $2,955 of said funds, though repeated demands have been made upon him for their proper disbursement. The defendant told several of the heirs that "he had collected all the moneys," and Otis D. Blackwell testified: "He told me that he got all the money and he was going to pay it out right away, but he never did."

The clerk of the court testified: "In the statement filed 8 October, 1932, Mr. Ray admitted he had not accounted for $2,967. Later, certain credits cut it down to $2,955. I don't think all the heirs had been ascertained, but nothing came up about that until after this account was filed, showing the balance due at that time."

An account was carried by "J. Clyde Ray, Commissioner," at the Farmers and Merchants Bank of Hillsboro (which seems to have been opened on 23 August, 1928), and between the dates of 21 February, 1931 (when the account showed a balance of 88c.) and 23 October, 1931, deposits amounting to $4,429.10 were credited to said account. Numerous small checks, over 250 in number, were drawn against this account between 23 February, 1931, and 27 April, 1933. On the latter date the account showed a balance of thirty-one cents.

The defendant offered no evidence, but relied upon his motion to nonsuit.

The court, in charging the jury, defined embezzlement as follows: "I instruct you that embezzlement is a breach of trust by misapplying or converting the property entrusted to a person, when done with a fraudulent intent." Exception. And again: "Another definition of embezzlement is about the same thing, but in different words, gentlemen, is the fraudulent conversion of property by one who has lawfully acquired possession of it, for the use and benefit of another." Exception.

Verdict: Guilty in the manner and form as charged in the bill of indictment.

Judgment: Imprisonment in the State's Prison for not less than three nor more than five years.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*S. M. Gattis, Jr., and R. O. Everett for defendant.*

STACY, C. J. In *Peal v. Martin, ante,* 106, 176 S. E., 282, it was said: "A commissioner appointed by a court of equity to sell land is empowered to do one specific act, viz.: to sell the land and distribute the proceeds to the parties entitled thereto. He has no authority and can exercise no powers except such as may be necessary to execute the decree of the court. Immediately upon his appointment he ceases to be an attorney or agent for either party, but becomes in a certain sense an officer of the court for the specific purposes designated in the judgment." And later, in the same opinion: "A commissioner is not a trustee within the general meaning of that term." The holding was that an action brought by one of the parties against a commissioner for money had and received was barred by the three-year statute of limitations. It follows, therefore, that the status of a commissioner appointed to sell land is not that of a trustee, generally speaking, nor of an agent, either of the court or of the parties to the suit. Thus, it would seem, in view of the evidence in the case, that the definitions of embezzlement, given by the court to the jury, were hardly sufficient or adequate. C. S., 564. The defendant could not be convicted on the second count as agent or attorney, but only on the first as commissioner. C. S., 4268. This distinction was not pointed out to the twelve. Indeed, the jury was left with the impression that both counts in the bill were valid, and that a conviction might be had on either or both. It appears that, as commissioner, the defendant was seeking to locate some of the heirs at the time he filed his report. He was entitled to have the jury consider this fact in passing upon his conduct as commissioner. *S. v. Lancaster,* 202 N. C., 204, 162 S. E., 367; *S. v. Eubanks,* 194 N. C., 319, 139 S. E., 451; *S. v. Summers,* 141 N. C., 841, 53 S. E., 856.

Whether the defendant had embezzled any part of the funds which came into his hands as commissioner, and not as agent or attorney, was the issue arising on the evidence. *S. v. Gulledge,* 173 N. C., 746, 91 S. E., 362; *S. v. Cohoon,* 206 N. C., 388, 174 S. E., 91; *S. v. McDonald,* 133 N. C., 680, 45 S. E., 582. This, and this alone, was the question to be determined by the jury. *S. v. Foust,* 114 N. C., 842, 19 S. E., 275.

The record also discloses that, over objection, the prosecution was allowed to show the surety on defendant's bond, as commissioner was now "in the hands of a receiver, being liquidated by the Commissioner of Insurance of the State of New York." The pertinency of this evidence is not apparent.

New trial.