## STATE v. STEPHEN BLOCK.

(Filed 20 March, 1957.)

**1. Embezzlement § 1—**

In order for a conviction under G.S. 14-90 the State must show that the defendant was the agent of the prosecuting witness, that by the terms of his employment and in the course thereof he received property of his principal, and knowing it was not his own, converted it to his own use.

**2. Criminal Law § 52a(1)—**

On motion to nonsuit, the evidence must be taken in the light most favorable to the State, giving it every reasonable inference fairly deducible therefrom, and the motion overruled if there is any competent evidence to support the allegations of the bill of indictment.

**3. Embezzlement § 7—**

Evidence that defendant was employed on a commission basis to procure construction contracts for his principal, that he procured such contract, collected from the contractee the entire contract price and converted it to his own use, notwithstanding he was entitled to only a small part thereof as commission, *is held* sufficient to overrule defendant's motion for nonsuit in a prosecution under G.S. 14-90.

Appeal by defendant from *Huskins, J.,* at October 1956 Term, of MECKLENBURG.

Criminal prosecution upon a bill of indictment charging defendant Stephen Block with the embezzlement of the sum of $1,555.00 in lawful money of the United States belonging to one Andrew Roby, contractor.

Upon trial in Superior Court the evidence offered by the State was through one witness Andrew Roby. His testimony tends to show this narrative:

During the early part of the year 1953, Andrew Roby was a general contractor, engaged in construction business in Charlotte, North Carolina, and Stephen Block worked for him as a salesman, whose duties were to get business for Roby, for which Roby paid him as a commission one-half the profits. In this connection Block made a written contract or estimate with Lula Walker to do some repair work on her house. Block proposed to Roby that if he would do the work, they would split

the profits. Roby checked the estimate, and told Lula Walker that he was going to do the job, and pay for the material, and, as Roby testified, "She was supposed to pay me and she agreed to do that." After the job was finished Roby presented the bills to Block "to show him how much the job cost."

Roby testified: "I had no contract with Stephen Block." The completed job on Lula Walker's house amounted to $1,555.00. There was a profit of $458.61, of which Block was entitled to one-half, $229.31. Of this amount Roby paid Block by check $200.00 on 10 February, "leaving a balance on the commissions of $29.31." And on 16 February, 1953, Lula Walker, by endorsement of check of Mutual Building & Loan Association in the amount of $1,500.00, and by delivery of $55.00 in cash, paid the $1,555.00 to Block, and he endorsed the check. Quoting Roby: "$29.31 . . . was the total amount due Mr. Block at the time he picked up, for his own use, the $1,555.00." And Roby testified: "Stephen Block sold this job for me . . . Mr. Block did not exactly have any duty or instructions from me to collect for the job. I was supposed to collect for it. However, he did collect for the job . . . the full amount of $1,555.00 and did not turn over any of it to me, as employer. After finding out that he had collected for the job, I immediately tried to locate him several times, and found that he lived in Atlanta. I drove down to Atlanta a couple of times but I could not find him."

Verdict: Guilty as charged.

Judgment: Confinement in the State Prison for a term of not less than five (5) years nor more than seven (7) years.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*Taylor, Kitchin & Taylor for Defendant Appellant.*

WINBORNE, C. J. The sole assignment of error presented on this appeal is based upon exception to the denial by the trial court of motion of defendant for judgment as in case of nonsuit. G.S. 15-173.

In this connection the statute, G.S. 14-90, under which defendant is indicted and convicted, provides in pertinent part that "If . . . any agent . . . of any person shall embezzle or . . . knowingly and willfully . . . convert to his own use . . . any money . . . belonging to any other person . . . which shall have come into his possession or under his care, he shall be guilty of a felony, and shall be punished as in cases of larceny."

This statute, G.S. 14-90, has been the subject of numerous decisions of this Court, notably: *S. v. Hill,* 91 N.C. 561; *S. v. McDonald,* 133

N.C. 680, 45 S.E. 582; *S. v. Blackley,* 138 N.C. 620, 50 S.E. 310; *S. v. Gulledge,* 173 N.C. 746, 91 S.E. 362; *S. v. Eubanks,* 194 N.C. 319, 139 S.E. 451; *S. v. Gentry,* 228 N.C. 643, 46 S.E. 2d 863.

In the light of the provisions of this statute, as interpreted and applied by this Court, in order to convict a defendant of embezzlement, as declared in opinion by *Clark, C. J.,* in *S. v. Blackley, supra,* "four distinct propositions of fact must be established: (1) that the defendant was the agent of the prosecutor, and (2) by the terms of his employment had received property of his principal; (3) that he received it in the course of his employment; and (4) knowing it was not his own, converted it to his own use." To like effect is decision in *S. v. Eubanks, supra,* citing other cases.

Now, defendant stressfully contends that when the evidence offered upon the trial below is tested by these elements necessary to constitute embezzlement the State has failed to make out such a case against him.

In this connection it is well settled rule of law in this State that in considering a motion for judgment as in case of nonsuit in a criminal prosecution, the evidence must be taken in the light most favorable to the State, and if when so taken there is any competent evidence to support the allegation of the bill of indictment, the case is one for the jury. And, on such motion the State is entitled to the benefit of every reasonable inference that may be fairly deduced from the evidence. See *S. v. Gentry, supra,* and cases cited.

Applying this rule the present case is not free from difficulty. Yet, this Court holds that there is evidence tending to show, or from which reasonable inferences may be drawn as tending to show every essential element which so enters into the crime of embezzlement within the purview of the statute, G.S. 14-90. Hence the motions for judgment as in case of nonsuit were properly denied.

No error.