STATE OF NORTH CAROLINA v. WILBERT RICHARDSON

No. 6811SC281

(Filed 9 October 1968)

1. **Criminal Law § 104— motion for nonsuit — consideration of evidence**

On motion to nonsuit in a criminal prosecution, the evidence must be taken in the light most favorable to the State, giving the State the benefit of every inference fairly deducible therefrom, and if when so taken there is any competent evidence to support the allegation in the indictment, the case is one for the jury.

**2. Robbery § 4— sufficiency of evidence**
   The evidence *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of robbery with firearms.

APPEAL by defendant from *Canaday, J.,* February 1968 Session of JOHNSTON Superior Court.

Defendant was tried under a valid bill of indictment charging him with armed robbery. The jury returned a verdict of guilty, and from judgment entered on the verdict, the defendant appealed.

*Paul D. Grady, Jr., for defendant appellant.*

*Attorney General T. W. Bruton by Deputy Attorney General James F. Bullock for the State.*

MORRIS, J.

Defendant brings forward as his assignment of error the failure of the court to grant his motion to dismiss at the end of the State's evidence. He contends that there was not sufficient evidence of robbery by firearms to justify submission of the case to the jury.

Ivey James McCullen testified for the State, in substance, as follows: That he is a cab driver for Selma Cab Company; that on 13 January 1968, he was seated in the driver's seat of his cab which was parked near the cab stand in a well-lighted area; that the defendant came up and motioned for him to come out; that he picked up defendant who told the witness that he wanted to go to Ray's Pure Oil on Highway 70; that when they got there, defendant told him to go up 70; that when they had gone a short distance, the defendant directed him to turn left on a dirt road; that he kept asking defendant "how much further do you want to go"; that defendant replied "oh, right down the road here, my daddy lives right down the road; it isn't far"; that after they had proceeded down the dirt road a mile or so, defendant told him "this is a hold up; stop and you won't get hurt"; that this was about 8 o'clock at night; that he stopped the car, left the headlights on and the motor running; that defendant cracked the door to the car; that defendant pulled a pistol from his right hand pocket and told the witness to let him, the defendant, have the money, saying "now go in your pocket and don't start nothing, ease in your pocket"; that after the witness handed defendant the currency from his billfold, defendant asked if he had any change; that witness then gave him the change he had in his pocket; that defendant asked if witness had any more money; that when witness replied that he did not, defendant said "If I knew you

were telling me a lie I would shoot you right now"; that the total amount of money was between $70.00 and $75.00; that after defendant got the money, he continued to hold the gun on witness, "eased the right hand door open and got out and said 'Now, drive and don't look back'"; that at that time defendant had the gun in his hand pointing it at the witness; that witness drove off as quickly as he could get away, went out to another road and stopped at a house to ask directions to get back to the highway; that he came upon two highway patrolmen who told him to go back to Selma and report the robbery to the deputy sheriff, which he did; that he next saw defendant on the next day when Mr. Cobb brought the defendant to his home. On cross-examination the witness testified that defendant was riding in the front seat with the witness; that he had seen defendant before in passing but did not know his name; that it was light in the cab when the door was opened; that he knew defendant was the man he picked up because he knew him when he saw him; that he did not recall defendant's having been in his cab before; that he told Mr. Cobb what the man looked like but not his name because he didn't know his name; that he told the officers what kind of coat defendant had on and that defendant had on the same clothes when he saw him the next day; that he knew the man's face and knew how he talked; that he saw the man's face the night of the robbery; that he didn't know how long the gun was but that it was a "shiny looking pistol", medium size; that "I know his finger from the gun, I think; I think I would"; that he told Mr. Cobb that defendant was the same man who robbed him.

Mr. Braxton Hinton, deputy sheriff, testified that Mr. McCullen described the man who had robbed him.

Mr. Tom Greene testified that he lives about a hundred yards off Highway 70; that he knows the defendant and had known him for 15 years; that on 13 January 1968, defendant came to his home about 8:30 and paid him $3.00 to carry him to Smithfield; that he did carry him to Smithfield; that defendant had on an overcoat, cap, white shirt and tie.

[1] The well-settled rule on motion to nonsuit in a criminal prosecution is that "the evidence must be taken in the light most favorable to the State, and if when so taken there is any competent evidence to support the allegation of the bill of indictment, the case is one for the jury. And, on such motion the State is entitled to the benefit of every reasonable inference that may be fairly deduced from the evidence." *State v. Block*, 245 N.C. 661, 663, 97 S.E. 2d 243.

**[2]** The court correctly denied defendant's motion. The evidence was plenary to justify submission to the jury.

No error.

MALLARD, C.J., and CAMPBELL, J., concur.