STATE OF NORTH CAROLINA v. MIRIAM BLAND

No. 7311SC558

(Filed 10 October 1973)

1. Narcotics § 4—sale of drugs without prescription—sufficiency of evidence

In a prosecution for feloniously distributing and dispensing a controlled substance, the State's evidence was sufficient to be submitted to the jury where it tended to show that defendant, who was a pharmacist, offered to an undercover narcotics police agent pills constituting a portion of a prescription belonging to another person, the agent did not have any prescription for the drugs and did not

give defendant any prescription, the agent paid defendant and she gave him change, defendant placed the pills in a plain white envelope and told the agent that she would let him have the remaining portion of other unpurchased prescriptions.

2. **Criminal Law § 121— defense of entrapment raised by defendant — charge proper**

Where the defendant in the course of the trial and, at least in an argument, mentioned the defense of entrapment, it was not error for the court to charge on the defense of entrapment, and the charge contained no prejudicial error.

APPEAL from *Canaday, Judge,* 19 March 1973 Session, LEE County Superior Court.

Defendant was charged in a bill of indictment with feloniously distributing and dispensing a controlled substance on 24 March 1972 to Arthur Manning. The substance consisted of pentobarbital, barbituric acid and methamphetamine. The defendant was accused of distributing this substance without a prescription. She entered a plea of not guilty.

At the close of the State's evidence, the trial judge sustained the defendant's motion to dismiss the charge as to the drug pentobarbital and submitted the case to the jury as to the drug methamphetamine. The jury returned a verdict of guilty and, from a sentence of not less than three nor more than five years suspended and on probation for five years and a fine of $1,000, the defendant appealed.

*Attorney General Robert Morgan by Attorney Ruth G. Bell for the State.*

*Richard Powell and Samuel S. Mitchell for defendant appellant.*

CAMPBELL, Judge.

The State's evidence was to the effect that on 24 March 1972, Arthur Manning was employed by the Sanford Police Department as an undercover narcotics agent. On that date he went into Bland's Drug Store where the defendant was the pharmacist. He went to the rear of the store where the defendant was at the prescription counter. He inquired of her as to whether her brother, who was a doctor in Virginia, would mail to him a drug prescription. She informed him that her brother would not do this and would have to examine him in person before he would issue a prescription for any drug. Man-

ning started to leave the store, and she called him back and informed him that she had a portion of a bottle of drugs; that some woman who had the prescription for these drugs had only taken a portion of the bottle and had left the other half. She told him that it was a drug that would keep him awake and that she would sell it to him for what it would have cost the other woman. She said that she was only interested in getting the money for the drugs. Manning testified that he gave her a five dollar bill and she gave him the change, as the price was $2.40 for 14 pills. She told him that she would put the pills in a white envelope, as the sticker on the bottle would trace the bottle to her if he got caught. She further informed him that if he got caught that he did not know her. She also told him that if anyone else came in and only purchased a half of the prescription, she would let him have the remaining portion. Manning further testified that he did not have any prescription for the drugs and did not give her any prescription.

The pills sold to Manning by the defendant were analyzed by a chemist with the State Bureau of Investigation, and he testified that an analysis "showed the presence of methamphetamine and pentobarbital."

The defendant testified in her own behalf to the effect that she operated the drug store and that her sister also worked there. She testified that she knew Manning but under the name of Pete Watson and had known him for a month or so before the 24th of March 1972; that he came in the drug store practically everyday; that she thought he was a student and that he had told her that he could hardly make it through his classes; that she showed him some nonprescription drugs that would keep him awake, but he was not interested. She said she told him she could not sell him any other drug without a prescription; that actually she was trying to get rid of him; that she did not sell him anything and did not know that he had taken any drugs. Her attention was attracted elsewhere, and when she looked back at Manning, he was leaving the store; and as he left, he pointed to her desk where she saw the bottle on her desk, together with a dollar bill and some change. She tried to catch him but did not succeed. She said if he took any pills from her store, it was without her permission and without her knowledge and that she had only shown him the bottle so that he would know what kind of pills they were but that they required a prescription.

[1]  The evidence, when taken in the light most favorable to the State, was ample; and the case was properly submitted to the jury. *State v. Richardson,* 2 N.C. App. 523, 163 S.E. 2d 423 (1968). The evidence was plenary to justify submission to the jury. We find no merit in this assignment of error.

[2]  The defendant contends that the trial judge committed error in charging the jury as to a defense of entrapment. The defendant says that the court, by charging on entrapment and charging that the burden of proof on entrapment is upon the defendant, caused the jury to get the misconception that in some way the burden of the entire defense was upon the defendant. A close reading of the charge of the court indicates that the defendant, in the course of the trial and, at least in an argument, mentioned the defense of entrapment. The court thereupon did charge on the defense of entrapment and correctly placed the burden of proof thereon on the defendant, not beyond a reasonable doubt but only to the satisfaction of the jury. *State v. Cook,* 263 N.C. 730, 140 S.E. 2d 305 (1965). The charge on entrapment was proper, and it was not error to give such a charge when the defendant had raised it "by way of argument" and the evidence for the State was susceptible to showing entrapment. The trial judge gave the contentions of the defendant to the effect that Manning was making a nuisance of himself, and she was trying to get him out of the store; that she did not sell any tablets containing methamphetamine to Manning and, in fact, had told him that she would not sell him any such tablets. When it is read contextually and as a whole, the charge contains no prejudicial error.

We have considered the other assignments of error in this case, and we find no merit in them.

The case presented a dispute of facts which was for the determination of the jury, and the jury found the facts against the defendant.

No error.

Judges MORRIS and BALEY concur.