STATE OF NORTH CAROLINA v. FRED SEUFERT

No. 809SC490

(Filed 18 November 1980)

Embezzlement § 6– money deducted from pay checks for insurance – insufficiency of evidence of embezzlement by corporation president

In a prosecution of defendant president of a corporation for embezzlement from employees of the corporation, evidence was insufficient to be submitted to the jury where it tended to show that the corporation had a group life and medical and accidental death insurance policy for the benefit of its employees; the premiums for the group policy were to be paid by deductions from the wages of the employees; the money was not paid to the insurance company and the group policy was terminated; deductions from employees' pay checks were made by computer and all information which went into the computer was the responsibility of the comptroller; and there was not substantial evidence that defendant, as president of the corporation, personally and actually received the money deducted for the group insurance and converted or misapplied it with fraudulent intent. G.S. 14-90.

APPEAL by defendant from *Brannon (A.M.), Judge.* Judgment entered 20 December 1979 in Superior Court, PERSON County. Heard in the Court of Appeals 16 October 1980.

Defendant was found guilty on twelve charges of embezzling (G.S. 14-90) money belonging to various named employees of the Steinthal Corporation and one charge of embezzling $11,294.10 from "employees of The Steinthal Corp." The counts were consolidated for judgment, and defendant appeals from the judgment imposing a prison term of four years.

A summary of the evidence offered by the State is made in the body of the opinion on the question of whether the evidence was sufficient to withstand defendant's motion to dismiss. The defendant offered no evidence.

*Attorney General Edmisten by Assistant Attorney General Daniel F. McLawhorn for the State.*

*Tharrington, Smith & Hargrove by Wade M. Smith for defendant appellant.*

CLARK, Judge.

We first consider defendant's assignment of error that the trial court erred in denying defendant's motion to dismiss for insufficiency of the evidence. G.S. 15A-1227.

Seven of the indictments (including the one relating to "employees of the Steinthal Corporation") charge that the embezzlement occurred on 15 October 1978 and 31 January 1979, and six indictments charge that the embezzlement occurred on 18 October 1978 and 31 January 1979. All indictments charge in substance that the defendant was President of Steinthal Corporation, was the agent of the corporation, as such agent was entrusted to and did receive money for the corporation's employees, and willfully and fraudulently embezzled the money.

To withstand a motion to dismiss for insufficiency of the evidence (G.S. 15A-1227) there must be substantial evidence of all material elements of the offense charged. Whether the State offered such substantial evidence is a question of law for the trial court. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975); *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979).

In the case before us, to withstand the defendant's motion to dismiss, the burden was on the State to offer substantial evidence of the material elements of embezzlement (G.S. 14-90) as follows:

1. Defendant, President of Steinthal Corp., was the agent of the employees of the corporation with the duty of receiving in his fiduciary capacity money of the employees deducted from their wages for payment over to Provident Mutual Life Insurance Company on a group life, medical, and accidental death policy;

2. he did in fact receive such money;

3. he received this money as such agent by virtue of his fiduciary relationship; and

4.  he, knowing this money was not his own, with fraudulent intent embezzled or misapplied the money so entrusted to him. See *State v. Helsabeck*, 258 N.C. 107, 128 S.E. 2d 205 (1962); *State v. Block*, 245 N.C. 661, 97 S.E. 2d 243 (1957); *State v. Seay*, 44 N.C. App. 301, 260 S.E. 2d 786 (1979), *disc. rev. denied*, 299 N.C. 333, 265 S.E. 2d 401 (1980); *State v. Pate*, 40 N.C. App. 580, 253 S.E. 2d 266 *cert. denied*, 297 N.C. 616, 257 S.E. 2d 222 (1979); 5 Strong's N.C. Index *Embezzlement* § 1.

The evidence offered by the State has been carefully considered in determining whether the State has carried its burden by offering substantial evidence of the foregoing elements of the offenses charged and by offering substantial evidence that the defendant personally and actually committed acts constituting embezzlement.

Steinthal Corporation operated a textile manufacturing business in Person County for many years employing three to four hundred workers. During 1978 the corporation for the benefit of its employees had a group life and medical and accidental death policy with the Provident Mutual Life Insurance Company. The premiums for the group policy were to be paid by deductions from the wages of the employees. The corporation encountered financial difficulties in the fall of 1978. The group policy was terminated on 17 October 1978 when the corporation owed $16,300. Provident received a check from the corporation on 20 November 1978 in the amount of about $20,000, but it was returned by the bank for insufficient funds. At the time of termination Provident held reserves, money over and above claims, in the amount of $36,000. On 14 December 1978, defendant mailed a letter to employees, and posted a copy on the bulletin board, informing them that the group policy was terminated.

The employees' wages were paid by check accompanied by stubs showing deductions for premiums on the group policy until the end of January 1979.

Defendant was President of Steinthal Corporation. Dennis Smolinski was Comptroller. Employee deductions were made by computer, and all information that went into the computer was the responsibility of Mr. Smolinski, who was in charge of the financial affairs of the corporation.

State v. Seufert

Defendant told Provident he would do what he could about the late payment of premiums due on the group policy. He tried to catch up on the premiums with a $20,000 check, but the check was returned marked "insufficient funds."

On 19 January 1979 defendant told an employee that he need not worry about the medical expenses incurred for the treatment of his daughter because Provident would make it good. William E. Bradfield, Assistant Vice President of Provident, testified that his company had paid some of the claims for medical expenses made by Steinthal employees after the grace period of the group policy "and I have authorized our company to begin paying the remainder of them because I believe these people should not be denied their benefits." At the time of the trial some of the claims still had not been paid by Provident.

It was general knowledge among the employees of Steinthal by October 1978 that the company was in financial trouble. Defendant said that sums deducted from employee paychecks were used to pay employee salaries.

In December 1978 Steinthal was unable to meet its payroll for a few days. In March, 1979, Steinthal went into bankruptcy, and the trustee in bankruptcy received cash assets of the company in the sum of $53,690.77.

Having concluded the summary of the evidence offered by the State, we find that there was insufficient evidence of a violation of G.S. 14-90 by the defendant and that the trial court erred in denying defendant's motion to dismiss.

The State's case appears to be based primarily on the evidence that accompanying the checks in October 1978 and January 1979 to the employees for wages, the Steinthal Corporation attached a paper writing, referred to in the evidence as a "stub," showing a deduction from wages for employees group insurance and that the corporation did not pay the premium for the insurance to the insurer, which resulted in the denial of some claims under the policy for medical expense. While this evidence is sufficient to show a breach of trust by the corporation in failing to pay the insurance premium, it falls far short, however, of constituting substantial evidence that the defendant, as President of the corporation, personally and actually received the money deducted for group insurance and con-

verted or misapplied it with fraudulent intent. Conversely, other evidence tended to negate fraudulent intent on the part of the corporation and the defendant. The evidence of the corporation's financial difficulty, the attempted payment of premiums which was aborted by insufficient funds, the statement of the defendant to an employee that all corporate money was being used for employee wages, tends to show a business faced with a financial crisis struggling to continue operations and paying all available funds to its workers in order to do so. The subsequent cessation of operations by the corporation and its bankruptcy with the loss of jobs by several hundred workers are tragic circumstances, but not circumstances that raise a presumption or an inference of embezzlement by the corporation or the defendant.

Officers, directors and agents of a corporation may be held criminally liable individually for participating in a violation of the criminal law while conducting the corporate business. But they are not criminally liable for corporate acts performed by other officers or agents. Where the crime charged involves guilty knowledge or criminal intent, as does embezzlement, it is essential to criminal liability on the part of the officer or agent that he actually and personally did the acts which constitute the offense or that they be done by his direction or permission. *State v. Franks*, 262 N.C. 94, 136 S.E. 2d 623 (1964); *State v. Agey*, 171 N.C. 831, 88 S.E. 726 (1916). [*See State v. Salisbury Ice & Fuel Co.*, 166 N.C. 366, 81 S.E. 737 (1914), holding that a corporation can be convicted of a crime which requires a criminal intent and the responsible officers or agents of the corporation may be indicted and convicted jointly with the corporation as a co-principal or accessory.]

The case *sub judice*, is clearly distinguishable from *State v. Louchheim*, 296 N.C. 314, 250 S.E. 2d 630, *cert. denied*, 444 U.S. 836, 62 L. Ed. 2d 47, 100 S. Ct. 71 (1979), where there was substantial evidence that the corporation was the *alter ego* of the defendant, who was president and managing officer of the corporation and personally gave the orders to commit the crime charged. Under such circumstances the corporate officer may not use the corporation to shield his criminal activity and the corporate entity will be disregarded.

In re Land and Mineral Co.

In the case before us there is no evidence that defendant was the sole shareholder or that he personally gave an order to others in the corporation to convert or misapply moneys belonging to the employees of the corporation.

Since insufficiency of the evidence requires dismissal, it is not necessary to discuss other errors assigned.

The judgment is vacated and the cause remanded for entry of judgment dismissing the charges.

Vacated and Remanded for dismissal.

Judges WEBB and WHICHARD concur.